**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dean KIPP, Defendant–Appellant.**

No. 92–30302.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 1993.

Decided Dec. 2, 1993.

Robert J. Vermillian, Smith, Walsh, Clarke & Gregoire, Great Falls, MT, for defendant-appellant.

Kris A. McLean, Asst. U.S. Atty., Helena, MT, for plaintiff-appellee.

Before: CANBY, and REINHARDT, Circuit Judges, and TASHIMA, District Judge.*

TASHIMA, District Judge:

Dean Kipp appeals his sentence after pleading guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Kipp contends the district court erred by: (1) including the quantity of drugs he possessed for personal use in the calculation of his base offense level; (2) awarding him two criminal history points under U.S.S.G. § 4A1.1(d); and (3) denying him a downward adjustment for a minor or minimal role in the offense pursuant to U.S.S.G. § 3B1.2. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm in part, reverse in part, vacate and remand for resentencing.

## BACKGROUND

Kipp was charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On May 10, 1992, Kipp pled guilty to possession with intent to distribute in exchange for dismissal of the conspiracy count.

The count to which Kipp pleaded guilty charged him with possession of approximately 117.25 grams of cocaine with intent to distribute. However, in the plea agreement, the parties expressly reserved "the right to argue the amount of cocaine for sentencing purposes."

At sentencing, Kipp contested the presentence report's recommendation that the en-

---

* The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

tire 117.25 grams charged in the count of conviction be used to calculate his base offense level. Kipp argued that because he possessed most of the drugs for personal use and only possessed a small quantity for distribution, the base offense level should reflect only the amount possessed with the requisite intent, rather than the total amount. Kipp also objected to the presentence report's recommendation to add two criminal history points under U.S.S.G. § 4A1.1(d) for committing the offense while serving a suspended sentence. Kipp argued that the court was required to determine as a factual matter whether he had the intent to distribute the drugs he possessed during his suspended sentence. Finally, Kipp challenged the presentence report's recommended denial of a mitigating role reduction under U.S.S.G. § 3B1.2.

The district court refused to grant Kipp a downward adjustment in his offense level under § 3B1.2 for a minor or minimal role in the offense. The court next rejected his argument that he should not be assessed two criminal history points under U.S.S.G. § 4A1.1(d) because the government did not prove that he possessed cocaine with intent to distribute during his suspended sentence.

Lastly, the district court held an evidentiary hearing to determine the amount of drugs involved for the purpose of calculating Kipp's base offense level under U.S.S.G. § 2D1.1. Kipp admitted to possessing 80 to 90 grams of cocaine. However, he argued that he possessed all but five or six grams for his own personal use and that only the grams he possessed with intent to distribute were relevant for sentencing purposes. While the district court acknowledged Kipp's claim that he possessed most of the drugs for personal use rather than for distribution, the court noted that it "simply cannot see how those amounts are severable." Consequently, the court concluded that the entire 80 to 90 grams Kipp admittedly possessed should be included in calculating the base offense level.

## DISCUSSION

### A. *Drug Quantity and Base Offense Level*

Kipp argues that the district court erred by including the quantity of drugs he pos-

sessed merely for personal use in its calculation of his base offense level. The district court assigned Kipp a base offense level of 16, which corresponds to 50 to 100 grams of cocaine. U.S.S.G. § 2D1.1(c)(14). Kipp contends the appropriate base offense level was 12—the base offense level for less than 25 grams of cocaine. U.S.S.G. § 2D1.1(c)(16).

■ Under U.S.S.G. § 2D1.1(c), the base offense level for a drug related offense depends entirely upon the quantity of drugs involved. *United States v. Harrison–Philpot*, 978 F.2d 1520, 1522 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). The government bears the burden of establishing by a preponderance of the evidence the quantity that determines the base offense level. *Id.*

■ The government argues that because Kipp pled guilty to the charge of possession with intent to distribute 117.25 grams of cocaine, that quantity sets the base offense level. We disagree. It is firmly established that while quantity is not an element of the crime of possession with intent to distribute, it is relevant at sentencing. *Id.* at 1523; *United States v. Normandeau*, 800 F.2d 953, 956 (9th Cir.1986); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.1990), *cert. denied*, 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990); *United States v. McNeese*, 901 F.2d 585, 600–01 (7th Cir. 1990). By pleading guilty to possession with intent to distribute, Kipp was not admitting that he possessed any particular quantity of narcotics with an intent to distribute. To the contrary, the plea agreement expressly reserved the right to argue quantity at sentencing.

■ The guidelines instruct the district court to calculate the base offense level using only the quantity of drugs involved in the count of conviction and quantities that "were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3(a)(2). Drugs possessed for mere personal use are not relevant to the crime of possession with intent to distribute because they are not "part of the same course of conduct" or "common

scheme" as drugs intended for distribution.[1] Accordingly, we hold that in calculating the base offense level for possession with intent to distribute, the district court must make a factual finding as to the quantity of drugs possessed for distribution and cannot include any amount possessed strictly for personal use.

The district court did not make the requisite factual finding in this case. It is true that the court rejected the government's claim that when a defendant pleads guilty to possession with intent to distribute, there is no distinction between amount possessed for personal use and amount possessed for distribution. The court noted that "[t]he sentencing guidelines placed the responsibility on the court to make a determination as to what amount of distribution that the Defendant accomplished and/or intended in order to determine where he fits into the scheme of the guideline range for the purpose of sentencing. And .... the burden is on the Government to prove what that particular intent and distribution was." Tr. 13:22–14:5.

Yet, in dismissing Kipp's claim that he possessed 80 to 90 grams of cocaine but only intended to distribute five or six grams, the court stated that it "simply cannot see how those amounts are severable." Tr. 63:25–64:1. The court then concluded that all 80 to 90 grams Kipp admittedly possessed should be included in calculating the base offense level.

The district court's comment that the amounts were not severable suggests the court applied a mechanical rule that all of the cocaine possessed must be considered in sentencing, even if most of it was not held for distribution. We reject this approach. First, it ignores our previous holding in *Harrison–Philpot* that a preponderance of the evidence standard applies in determining the quantity of drugs used to set the base offense level. 978 F.2d at 1524. Second, failure to distinguish the amount possessed for person-

al use from the amount possessed for distribution contravenes a fundamental principle of the Sentencing Guidelines—proportionality in sentencing—because it would result in sentencing a drug user who possessed 50 grams for personal use and gave one gram away more harshly than a drug dealer who possessed 49 grams for distribution.

Because the district court failed to make the necessary factual determination regarding the quantity possessed for distribution, as distinguished from the amount possessed for personal use, we vacate the sentence. On remand, the district court should make a finding of the quantity of cocaine Kipp possessed with intent to distribute, under the preponderance of the evidence standard, and assign him the corresponding base offense level.

### B. Criminal History Category

■ Kipp was placed in criminal history category III, based on the assessment of four points against him. He contends that the trial court erred in assessing two points against him under U.S.S.G. § 4A1.1(d) for having committed the offense "during a two-year suspended sentence for a traffic offense."

The offense to which Kipp pleaded guilty in Arapahoe County, Colorado, was "driving while ability impaired—drugs." He was assessed $171 in court costs and his sentence was deferred for two years. The presentence report, with which the district court agreed, characterized this sentence as follows:

Pursuant to 4A1.1(d), 2 criminal history points are awarded if the defendant committed the instant offense while under any criminal justice sentence. On 5–10–89, the defendant was given a 2 year deferred sentence for driving while ability impaired—drugs. This deferred sentence expired on June 8, 1991. The offense conduct for the instant offense covers the time

---

1. The government's reliance on *United States v. Trussel*, 961 F.2d 685 (7th Cir.1992), is misplaced. That case is distinguishable because it involved a defendant who pled guilty to conspiracy to possess with intent to distribute. The court held that drugs stored in the defendant's home were properly considered in determining the base offense level because they were left with the defendant for future distribution and, thus, were stored in furtherance of the conspiracy. Drugs possessed for personal use, however, do not further the crime of possession with intent to distribute.

period of November 1990 until July 1991, thus overlapping the time frame of the deferred sentence. Therefore, 2 criminal history points are awarded.

This is a fundamental misconception of both U.S.S.G. § 4A1.1(d) and Colorado's deferred sentencing scheme.

The parties and the court treated this deferred sentence as a suspended sentence. The Guideline provision applied by the court provides:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d). The *Commentary* to this section provides that "a 'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required for this item to apply."

Section 4A1.1(d) nowhere refers to a suspended or deferred sentence. Neither does § 4A1.2, except in subdivision (a)(3), in defining a prior sentence. By definition, a suspended sentence has no "custodial component," as required by the *Commentary*. It also does not have a "supervisory component," the alternate requirement under the *Commentary* for a "criminal justice sentence." In the usual case, when the imposition of sentence is suspended, it is accompanied by a term of probation, and it is the latter, as § 4A1.1(d) expressly recognizes, which supplies the "supervisory component." Thus, a suspended sentence, standing alone without an accompanying term of probation, is not a "criminal justice sentence," as that term is used in § 4A1.1(d). *See United*

*States v. McCrary,* 887 F.2d 485, 489 (4th Cir.1989).

This view is confirmed by an examination of the Colorado deferred sentencing scheme at issue here. Colorado law provides:

> In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power . . . to continue the case for a period not to exceed . . . two years from the date of entry of a plea to a misdemeanor . . . for the purpose of entering a judgment and sentence upon such a plea of guilty. . . . During such time, the court may place the defendant under supervision of the probation department.

Colo.Rev.Stat. § 16–7–403(1) (1993).[2]

It is plain from the wording of the statute that, under this scheme, no sentence is imposed. Since sentence has not been imposed, the defendant cannot be "under" a sentence.[3] And while the Colorado court had the authority to impose probation under § 16–7–403(1), there is no indication in the record here that defendant was placed under probation supervision. This can be contrasted to the Oklahoma "deferred judgment procedure" which requires that a defendant whose sentencing is deferred be placed on probation. *See United States v. Vela,* 992 F.2d 1116, 1117 (10th Cir.1993). Therefore, it was error for the district court to have assessed two points against defendant under § 4A1.1(d) in calculating his criminal history category.

### C. *Mitigating Role Adjustment*

■ Kipp further argues that the district court erred by denying him a downward adjustment under U.S.S.G. § 3B1.2 for a minor or minimal role in the offense.[4] Kipp contends he is entitled to a mitigating role

---

**2.** Although this statute was considered in *United States v. Cox,* 934 F.2d 1114, 1125 (10th Cir. 1991), the court there assumed that a deferred sentence under § 16–7–403 was a "criminal justice sentence" and did not address the issue.

**3.** A defendant is " 'under [a] criminal justice sentence' for purposes of the application of section 4A1.1(d) . . . from the time he was sentenced by the district court, regardless of when he was expected to begin serving that sentence. Once the sentence had been imposed upon [defendant], he was subject to the control of that sen-

tence . . ." *United States v. Martinez,* 931 F.2d 851, 852–53 (11th Cir.1991).

**4.** U.S.S.G. § 3B1.2 provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

reduction because he did not distribute any drugs for profit and the amount he possessed with intent to distribute was relatively small compared to that possessed by other offenders convicted of possession with intent to distribute.

█ Kipp's argument is essentially that he is entitled to a mitigating role adjustment because his crime was not very serious. We reject this reasoning. A downward adjustment under § 3B1.2 is appropriate only where a defendant's role is minor or minimal compared to other participants in the same offense or in relevant conduct within the meaning of U.S.S.G. § 1B1.3. *See United States v. Webster,* 996 F.2d 209, 212 (9th Cir.1993). It does not allow a court to reduce a defendant's offense level on the ground that his crime is less serious than similar crimes by other defendants in unrelated cases. Thus, the district court properly denied Kipp a reduction in his offense level pursuant to § 3B1.2.

### CONCLUSION

We hold that the base offense level for a defendant convicted of possession with intent to distribute must be determined by the quantity of drugs possessed with the requisite intent, and not by the amount possessed for mere personal use. Because the district court failed to make the necessary factual finding regarding the amount of drugs Kipp possessed for distribution, we remand for such a determination.

We further hold that the district court erred in assessing two criminal history points against Kipp under U.S.S.G. § 4A1.1(d) on the ground that he was "serving" a deferred sentence at the time the instant offense was committed. We reverse this determination. With respect to the district court's denial of a downward adjustment pursuant to U.S.S.G. § 3B1.2, we affirm.

**Affirmed in part and reversed in part. The sentence is vacated and the case is remanded for resentencing.**