91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen R. DEAN, Defendant-Appellant.
 No. 95-35668.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided July 3, 1996.
 
 1
 Before: BROWNING, T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from the district court's denial of defendant-appellant Glenn Dean's ("Dean") motion to vacate his conviction and sentence pursuant to 21 U.S.C. § 2255 on the ground that (1) his sentence violated the Fifth Amendment's protection against double jeopardy because it followed a civil forfeiture of property for the same offense; (2) the district court erred in determining Dean's base offense level pursuant to the Federal Sentencing Guidelines; and (3) Dean was provided with ineffective assistance of counsel at sentencing in violation of the Sixth Amendment. We review the district court's decision de novo. United States v. Sanchez-Cobarruvias, 65 F.3d 781, 782 (9th Cir.1995), cert. denied, 116 S.Ct. 797 (1996) (whether defendant's double jeopardy rights have been violated is question of law that is reviewed de novo ); United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994) (district court's interpretation of Sentencing Guidelines is reviewed de novo ); Frazer v. United States, 18 F.3d 778 (9th Cir.1994) (district court's denial of § 2255 petition and district court's determination that defendant was provided effective assistance of counsel is reviewed de novo ). We affirm.
 
 I. Double Jeopardy
 
 4
 At issue in this case is whether Dean was exposed to multiple punishments for the same offense in violation of the Fifth Amendment. See United States v. Halper, 490 U.S. 435, 440 (1989).
 
 
 5
 To survive a double jeopardy challenge, the two offenses for which the defendant is punished or tried must survive the "same elements" test.[1] See United States v. Dixon, 113 S.Ct. 2849 (1993). Under this test, two statutory offenses represent the same offense unless "each [offense] requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299 (1932); see also Dixon, 113 S.Ct. at 2856. This "same elements" test applies in the context of multiple punishments, United States v. Wolfswinkel, 44 F.3d 782, 785 (9th Cir.1995); see also Witte v. United States, 115 S.Ct. 2199, 2204 (1995), and to civil forfeitures, see United States v. Chick, 61 F.3d 682, 687 (9th Cir.1995), cert. denied, 116 S.Ct. 1416 (1996); United States v. One 1978 Piper Cherokee Aircraft, 37 F.3d 489, 495 (9th Cir.1994).[2]
 
 
 6
 Dean pleaded guilty to one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846. This offense includes among its elements (1) an agreement, and (2) participation by the defendant. In contrast, the civil forfeiture claim required proof that the property to be forfeited was used to facilitate illegal drug activity; it did not require proof that Dean was involved in a conspiracy. In fact, the civil forfeiture action was premised not on Dean's participation in the conspiracy to manufacture marijuana, but on the fact that Dean "used the defendant residence to store marijuana and the proceeds from the sale of marijuana, and further purchased marijuana from the defendant residence...." Civil Forfeiture Complaint, Appellant's Excerpts of the Record ("AER") 2. As such, each of the statutory provisions at issue here--21 U.S.C. § 846 (conspiracy to manufacture marijuana) and 21 U.S.C. § 881(a)(7) (civil forfeiture)--requires proof of a fact that the other does not, and they are therefore not the "same offense" for purposes of the Double Jeopardy Clause. Cf. United States v. Felix, 503 U.S. 378, 380-81 (1992) (substantive crime and conspiracy to commit that crime are not same offense for double jeopardy purposes); United States v. Saccoccia, 18 F.3d 795 (9th Cir.1994) (same). Dean's double jeopardy challenge therefore must fail.
 
 
 7
 II. Base Offense Level Under the Sentencing Guidelines
 
 
 8
 Dean contends that his sentence must be vacated as illegal because it is the result of a misapplication of the Federal Sentencing Guidelines. Specifically, Dean argues that the district court erred in (1) accepting the joint recommendation of the government and defense counsel that Dean's base offense level was 30; (2) sentencing Dean on the basis of the total number of marijuana plants that were grown or harvested by Dean's co-conspirators during the time that Dean was a member of the conspiracy, rather than considering for purposes of relevant conduct only the quantity of marijuana that Dean was provided to sell; and (3) accepting the government and defense counsel's legal conclusion that Dean's base offense level was to be determined based on the number of plants rather than the weight of the harvested marijuana.
 
 
 9
 By not raising the propriety of the district court's calculation of Dean's Guidelines sentence on direct appeal, Dean waived this challenge. Under the law of this circuit, "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994); see also Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992) (holding that § 2255 challenges to sentencing not suggesting constitutional error "are all barred because [petitioner] did not appeal."). Dean did not challenge the calculation of his Guidelines sentence on direct appeal; as such, the collateral challenge to the Guidelines calculations will not be considered on the merits.
 
 III. Ineffective Assistance of Counsel
 
 10
 Dean argues that he was denied effective assistance of counsel at sentencing in violation of the Sixth Amendment when his counsel agreed that Dean's base offense level under the Sentencing Guidelines was 30. In essence, Dean argues that his counsel erred in failing to raise the objections to the Guidelines calculations that Dean raises in his § 2255 petition, discussed in Part II, supra.
 
 
 11
 To prevail on a claim of ineffective assistance of counsel, a defendant has the burden of showing (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's failure to raise meritless legal arguments does not constitute ineffective assistance of counsel. Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989). For the reasons set forth below, the objections that Dean contends his counsel should have raised are meritless; as such, his ineffective assistance of counsel claim must fail.
 
 A. Number of Plants
 
 12
 Dean argues that the district court, in determining Dean's relevant conduct, erred by considering the total number of marijuana plants that were grown or harvested by Dean's co-conspirators during the time that Dean was a member of the conspiracy, rather than considering for purposes of relevant conduct only the quantity of marijuana that Dean was provided to sell. The district court assigned Dean a base offense level of 30, which corresponds to an amount of marijuana of at least 700 but less than 1,000 kilograms or, under the equivalency provisions for live plants, 950 to 990 plants. Sentencing Guidelines § 2D1.1(c)(7). Dean contends that he could properly be held accountable only for the quantity of marijuana that he was provided to sell, approximately 42 kilograms of marijuana, which would result in a base offense level of 20.
 
 
 13
 Dean's sentence was calculated correctly pursuant to Sentencing Guidelines Sections 1B1.3(a)(1)(A) and (B), which define "relevant conduct." Section 1B1.3(a)(1) provides that the relevant conduct of a defendant shall be determined by
 
 
 14
 (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken activity.
 
 
 15
 According to the commentary accompanying section 1B1.3, under subsection (B),
 
 
 16
 a defendant is accountable for the conduct ... of others that was both: (I) in furtherance of jointly undertaken criminal activity; and (ii) reasonably foreseeable in connection with that criminal activity.... In order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake.... The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision.
 
 
 17
 The commentary further provides that a defendant may be accountable for particular conduct under either subsection (A) or (B), or under both subsections.
 
 
 18
 The district court's finding that Dean's relevant conduct involved 950 plants is proper under these Guidelines provisions, in that Dean admitted his personal participation in the manufacture of 950 plants, thereby satisfying the dictates of subsection (A). In addition, the government's uncontested factual proffer and Dean's stipulation and remarks at the sentencing hearing indicate that the relevant conduct was appropriately calculated under subsection (B).
 
 
 19
 Dean stipulated to his relevant conduct; specifically, he admits in this plea agreement that he, "while a member of the conspiracy, manufactured, assisted in the manufacture, or aided and abetted in the manufacture of 950 Marijuana Plants." AER 16. This stipulation was highlighted at the change of plea hearing.[3] Supplemental Excerpts of Record ("SER") 3. The Sentencing Guidelines allow parties to stipulate to facts relevant to sentencing, with the condition that the district court "is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." Sentencing Guidelines § 6B1.4(d). As the commentary indicates, although the court is not to "rely exclusively upon stipulations in ascertaining the factors relevant to the determination of a sentence," "in determining the factual basis for the sentence the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information."
 
 
 20
 Here, Dean waived a presentence investigation; however, defense counsel conceded at sentencing that the district court was fully aware of the details of the conspiracy, given the fact that all of the defendants involved in the case had entered into plea agreements and were being sentenced by that court. AER 45. The district court also considered the uncontested factual proffer of the government, which showed Dean's integral part in a large-scale and long-term marijuana grow. After reciting those facts, the government concluded that it could prove that Dean "assisted or was a conspirator while at least 990 marijuana plants were grown or harvested...." SER 24. The government stated that it could prove that, although he was not participating in the "actual growing ... he was certainly aiding and abetting and was assisting the other co-conspirators because he was providing an outlet for the source of grown marijuana." SER 24.
 
 
 21
 Finally, Dean's own admissions at the time of his plea indicate that the conduct of his co-conspirators was properly attributed to him for purposes of sentencing pursuant to Guidelines section 1B1.3(a)(1)(B). After hearing the government's factual proffer, the court questioned Dean about the scope of the conspiracy and the extent of his knowledge of and participation in it. Dean admitted that there were several people in the "chain ... of circumstance"--i.e., the marijuana grow operation--in which he was a participant. In response to questioning, Dean indicated that he knew that he was paying cash for the crops that were grown in several related grow operations. Dean therefore admitted that he knew that there were several other people involved in the scheme who were conspiring to grow and sell marijuana. It was reasonably foreseeable, in an operation of this size and longevity, that participants would be growing large numbers of marijuana plants, perhaps more than eventually made it into Dean's hands to re-sell. In accordance with subsection (B), the court determined the large scope of the jointly undertaken criminal activity ("a rather long-term good sized marijuana growing conspiracy," AER 51) and, considering the stipulation to the number of plants involved, Dean's admissions at the change of plea hearing and sentencing, and the court's familiarity with the facts of the case and the conspiracy, determined that the growing of 950 plants by Dean's co-conspirators was in furtherance of jointly undertaken criminal activity and that that number of plants was reasonably foreseeable in connection with that criminal activity.
 
 
 22
 The district court therefore properly determined Dean's relevant conduct pursuant to section 1B1.3(a)(1)(A) and (B).
 
 B. Dry Weight vs. Number of Plants
 
 23
 Dean contends that the district court erred in relying on defense counsel's agreement with the prosecutor that Dean's base offense level should be determined on the basis of the number of plants involved in the conspiracy rather than the weight of the harvested marijuana. Dean argues that because his role in the conspiracy was not to grow the marijuana plants but only to buy previously harvested marijuana, Dean's base offense level should be determined according to the weight of the harvested marijuana he actually bought, rather than based on the number of plants grown by his co-conspirators. Dean's argument is without merit.
 
 
 24
 As discussed above, pursuant to sections 1B1.3(a)(1)(A) and (B) of the Guidelines, Dean's sentence was properly calculated on the basis of the total number of marijuana plants that were grown or harvested by Dean's co-conspirators during the time that Dean was a member of the conspiracy. Base offense levels in drug cases are determined according to the quantity of drugs involved according to the drug quantity table in the Guidelines, § 2D1.1(c). The equivalency provision following the table provides:
 
 
 25
 In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1KG of marijuana; (B) fewer than 50 marijuana plants, treat each plant as equivalent to 100 G of marijuana. Provided, however, that if the actual weight of the marijuana is greater, use the actual weight of the marijuana.
 
 
 26
 Sentencing Guidelines § 2D1.1(c) n. 8.
 
 
 27
 The offense at issue in this case, and Dean's relevant conduct in connection with it according to § 1B1.3(a)(1)(A) and (B), "involved" marijuana plants. As such, the equivalency provision was properly invoked. The count to which Dean pleaded guilty explicitly refers to "marijuana plants" and Dean admits in his plea agreement that he "manufactured, assisted in the manufacturer, or aided and abetted in the manufacture of 950 Marijuana Plants." The conclusion that Dean's sentence should be calculated based on the number of plants involved in the case rather than on the dry weight of the harvested marijuana bought by Dean conforms to the plain language of the Guidelines. See United States v. Wegner, 46 F.3d 924 (9th Cir.1995).
 
 
 28
 Dean's sentence was properly calculated, and Dean's counsel's failure to raise the objections noted by Dean did not constitute ineffective assistance of counsel.[4]
 
 
 29
 AFFIRMED.
 
 
 
 *
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Dean contends that the court should not entertain the "same offense" argument raised by the government on appeal because the district court ruled in favor of Dean on these issues and the government did not cross-appeal. A court of appeals may affirm a lower court's decision on any ground supported by the record, however. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). Therefore, no cross-appeal is necessary to reach an issue that supports the judgment below. Engleson v. Burlington Northern Railway, 972 F.2d 1038, 1041 (9th Cir.1992)
 
 
 [2]
 Dean's argument that the "same conduct" test should be applied rather than the "same elements" test is meritless. The "same conduct" test, set forth in Grady v. Corbin, 495 U.S. 508 (1990), has been explicitly overruled by the Supreme Court. Dixon, 113 S.Ct. at 2860. Further, this court has expressly adopted the "same elements" test in analyzing claims arising in the criminal conviction/civil forfeiture context. See Chick, 61 F.3d at 687; Piper Cherokee Aircraft, 37 F.3d at 495
 
 
 [3]
 Although it is true, as Dean notes, that a guilty plea to a charged crime does not necessarily establish relevant conduct for purposes of sentencing, Dean's analysis ignores the circumstances of his guilty plea and the admissions he made in the plea agreement, at the change of plea hearing, and at the sentencing hearing
 In the case relied upon by Dean, United States v. Kipp, 10 F.3d 1463 (9th Cir.1993), the court held that a defendant's guilty plea to a charge of possession with intent to distribute 117.25 grams of cocaine, where the parties to the plea agreement expressly reserved the right to argue the amount of cocaine for sentencing purposes, did not establish the defendant's base offense level. The court stated that "while quantity is not an element of the crime of possession with intent to distribute, it is relevant at sentencing.... By pleading guilty to possession with intent to distribute, [the defendant] was not admitting that he possessed any particular quantity of narcotics with an intent to distribute. To the contrary, the plea agreement expressly reserved the right to argue quantity at sentencing." 10 F.3d at 1465.
 Here, in contrast, the plea agreement did not expressly or impliedly reserve the right to argue quantity at sentencing; instead, the plea agreement specifically stated the number of plants whose manufacture Dean assisted or aided and abetted. Although the plea agreement reserves to each party the right to "make whatever recommendation it feels is appropriate as to how the sentence should be served," AER 16 (emphasis added), it does not reserve a right to argue quantity. Instead, it suggests that the 950 plant calculation would be jointly recommended to the sentencing judge. At the hearing on the guilty plea, too, the parties stipulated to the number of plants involved and the resulting base offense level, and the government's factual proffer to which Dean listened without objection included the number of plants attributable to Dean. The stipulated number of plants was again discussed at the sentencing hearing.
 Therefore, although Dean's guilty plea to the charge of conspiracy to manufacture marijuana did not necessarily establish his relevant conduct for purposes of sentencing, his admissions and the events surrounding his guilty plea and sentencing do.
 
 
 [4]
 The case cited by Dean is inapposite and does not justify a contrary result. In United States v. Corley, 909 F.2d 359 (9th Cir.1990), the defendant attacked the constitutionality of the Guidelines on vagueness grounds, claiming that the Drug Quantity Table in conjunction with the equivalency provisions allowed a base offense level to be determined on the basis of number of plants or dry weight. The court rejected the challenge, and suggested that the provisions are not inconsistent or vague because "when live marijuana plants are found, their quantity is appropriate for determining base offense level. When the marijuana leaves have been dried, their weight should be used." 909 F.2d at 31. Nothing in the district court's sentencing determination in this case conflicts with the Corley court's interpretation of the Guidelines provisions. Here, the offense involved the manufacture of marijuana plants; as such, the sentence was appropriately determined by looking to the number of plants involved
 Further, the Guidelines provisions interpreted in Corley have since been amended, and Dean was sentenced under a different version of the Guidelines quantity provisions. Although Dean contends that Corley has been adhered to by the Ninth Circuit under post-1989 amendment versions of the Guidelines, none of the cases cited by Dean stand for the proposition that the sentence of a defendant whose relevant conduct under the Guidelines involved the manufacture of marijuana plants should be determined according to the Guidelines' dry weight provisions.