91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Faye E. WILLIS, Defendant-Appellant.
 No. 95-3824.
 United States Court of Appeals, Seventh Circuit.
 Argued July 9, 1996.
Decided July 18, 1996.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Faye Willis (sometimes identified in the record as Eboney Willis) pleaded guilty to possession of crack cocaine with intent to distribute. At her sentencing hearing, the district court considered Willis's admission as to the amount of crack she had purchased in the preceding year in determining her "relevant conduct" for sentencing purposes. Willis objected to this determination, but the court overruled her objection. Willis then brought this appeal, re-arguing the court's determination of "relevant conduct." Because Willis's argument has no merit, we affirm the district court's determination.
 
 I. Facts
 
 2
 Based on various tips, Peoria, Illinois police obtained a warrant to search Willis's apartment. On January 27, 1995, the police executed the warrant; they discovered 10.4 grams of crack cocaine and $583 in cash that Willis attempted to hide as police entered the apartment. At the time, Willis was living on $761 per month in public aid and food stamps. Willis was taken into custody on state drug charges. After being given Miranda warnings, Willis admitted to the police that she had purchased approximately 20 ounces of crack over the past year.
 
 
 3
 On February 3, 1995, the state drug charges against Willis were dropped; the record does not indicate why. On February 10, 1995, police officers again arrested Willis, this time on federal drug charges based on the evidence discovered during the January 27 raid. When she was arrested on February 10, the police discovered 3.6 grams of crack cocaine and $511 in cash in Willis's possession.
 
 
 4
 On May 4, 1995, Willis pleaded guilty to one count of knowingly possessing more than five grams of crack cocaine with intent to distribute. 21 U.S.C. § 841(a)(1), (b)(1)(B). At the plea hearing, the district court explained to Willis in detail that it would determine her sentence based upon information to be included in her Presentence Investigation Report (PSR).
 
 
 5
 The probation office prepared an initial PSR on June 27, 1995, and issued a revised PSR on July 27, 1995. In discussions with her probation officer pursuant to the preparation of her PSR, Willis again admitted to purchasing 10-20 ounces (283.5-567 grams) of crack over the past year. Willis further claimed that she distributed only 2 grams of this amount, and that she used the remainder herself.
 
 
 6
 At her sentencing hearing, Willis raised an objection to the above figures. At first, it appeared that she was raising a factual objection to the amount of cocaine she had purchased in the preceding year. After some initial confusion, her attorney, Spencer Daniels, stated unequivocally that she was not making such a factual objection:
 
 
 7
 THE COURT: If I understand it, Mr. Daniels, you are not objecting to any of the information set out in paragraph 28 [of the PSR, setting forth the amount of crack cocaine the defendant purchased over the preceding year]?
 
 
 8
 MR. DANIELS: That is correct, Judge, we are not objecting to those figures.
 
 Sent. Tr. at 12.[1]
 
 9
 The government then interpreted Willis's objection to be that--because she claimed to have sold only 2 grams of the crack she had purchased in the preceding year--the amount she used personally could not be considered as relevant conduct. The government insisted that if that language (her claim to have sold only 2 grams of crack) was not stricken from the PSR, it would invalidate her plea agreement. Although never articulated by the government, the government's objection seems to have been that her claim to have sold only two grams contradicted the factual basis for her plea agreement--namely, that she possessed with intent to distribute more than five grams of crack. The government stated that if Willis would not agree to strike the challenged language from the PSR, it was "prepared to prove [that Willis sold] amounts far in excess of two grams...." Sent.Tr. at 15. Willis ultimately agreed to strike from the PSR the language in which she claimed to have sold only two grams of crack.
 
 
 10
 It finally became apparent that Willis was attempting to raise a different objection--whether any of the crack she had purchased over the preceding year could be counted as relevant conduct. Willis argued that her plea agreement limited the relevant conduct the court could consider to the cocaine she had in her possession when she was arrested on February 10. She could not, however, identify any portion of the plea agreement that so limited the probation office or the court in determining relevant conduct. The district court ultimately concluded that Willis's purchases of crack over the preceding year were relevant conduct for which she could be held accountable at sentencing.
 
 
 11
 In sentencing Willis, the district court followed the probation office's recommendations. The court accepted the lower end of Willis's estimate of the amount of crack she had purchased--283.5 grams rather than 567 grams--as the amount of crack for which she would be held accountable. Furthermore, to avoid any double counting, the court considered the 10.4 grams of crack in Willis's possession when she was arrested on January 27 to be part of that 283.5 grams. The court then added the 3.6 grams in Willis's possession when she was arrested on February 10, for a total of 287.1 grams of crack. Under U.S.S.G. § 2D1.1(c), this amount of crack yielded a base offense level of 34.
 
 
 12
 Under U.S.S.G. §§ 2D1.1(b)(4), 5C1.2, Willis received a 2 point reduction in her base offense level. She received a further 3 point reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a)-(b). With an offense level of 29 and a criminal history category of I, Willis faced a sentencing range of 87-108 months. The court then accepted the government's motion under U.S.S.G. § 5K1.1 for a downward departure from the Guidelines sentencing range for rendering substantial assistance to the authorities. The government recommended that the court sentence Willis to 73 months' imprisonment, but the court departed downward farther and sentenced her to 60 months' imprisonment.
 
 II. Analysis
 
 13
 Willis's appellate brief re-introduces much of the confusion attendant at her sentencing hearing. At times, it appears that Willis is appealing the factual basis upon which the court held her accountable for 283.5 grams of crack; at other times, she appears to be appealing the court's determination that these purchases of crack were "relevant conduct."
 
 
 14
 To the extent that Willis is challenging the district court's factual determination that she purchased 283.5 grams of cocaine in the year preceding her arrest, she unambiguously waived that objection at her sentencing hearing, and thus, she cannot raise the issue on appeal. United States v. Atkinson, 979 F.2d 1219, 1222 (7th Cir.1992); United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991). Moreover, because Willis affirmatively waived any objection to this factual determination (as opposed to merely forfeiting the objection by failing to raise it), under United States v. Olano, 507 U.S. 725, 732-33 (1993), she cannot raise the issue even under the plain error exception to the general requirement that errors must be raised at trial to be preserved for appeal. See, e.g., United States v. Boyd, No. 94-3352, Slip op. at 2 (7th Cir. June 14, 1996).
 
 
 15
 Alternatively, Willis may be arguing that even if she did purchase 283.5 grams of crack in the year preceding her arrest, the district court was limited--either by her plea agreement or under the definition of "relevant conduct"--to considering only the crack in her possession when she was arrested. Neither argument has any merit. Nothing in her plea agreement limited the relevant conduct the court could consider (nor could the United States Attorney thereby bind the district court), and the definition of "relevant conduct" encompasses all crimes and conduct related to the count of conviction, including quantities of drugs from uncharged offenses. United States v. Acosta, No. 95-2517, Slip op. at 6 (7th Cir. May 29, 1996); United States v. Windom, 82 F.3d 742, 746 (7th Cir.1996).
 
 
 16
 Perhaps Willis is claiming that the government failed to prove that her purchases of the 283.5 grams of crack was part of the same scheme or plan as the crack in her possession when she was arrested; that is, she might be claiming that she had multiple schemes or plans for distributing crack, and that the government failed to prove that the 283.5 grams were part of the particular scheme or plan to which she pleaded guilty. But we review the district court's factual determination that conduct in question was part of the same scheme or plan only for clear error, United States v. Nunez, 958 F.2d 196, 198 (7th Cir.1992), cert. denied, 506 U.S. 857 (1992), and we find none here. The evidence indicated that Willis bought all her crack from a single supplier, and that she sold it to support her own addiction. This is more than enough evidence for the district court to find that all her purchases of crack were part of the same scheme or plan.
 
 
 17
 Finally, Willis might be arguing that because she was charged with possession of crack with intent to distribute, the district court improperly counted crack she purchased for her own use as relevant conduct. Compare United States v. Snook, 60 F.3d 394, 395-96 (7th Cir.1995), with United States v. Kipp, 10 F.3d 1463, 1465-66 (9th Cir.1993). But Willis agreed to strike the language from the PSR claiming that she sold only 2 grams of crack, and thus, she affirmatively waived any challenge to the amount she sold. Accordingly, she cannot raise that argument on appeal, even on a claim of plain error. Olano, 507 U.S. at 732-33.
 
 
 18
 Thus, regardless of what challenge Willis is raising, her appeal has no merit.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Willis reiterated her position throughout the sentencing hearing:
 MR. DANIELS: I am withdrawing any objections dealing with the amounts [of crack stated in paragraph 28 of the PSR].... The U.S. Attorney has correctly stated our position that we are not objecting to any of the figures in the presentence report.
 * * *
 It is our position that we are not objecting to any of the amounts specified in the presentence report.
 Sent. Tr. at 16.
 MR. DANIELS: I explained to the U.S. Attorney that we are not objecting to the amounts [of crack] that were specified in the presentence report. There is no objection to that. We agree to waive any type of objection we have to the amount.
 Sent. Tr. at 20.