UNITED STATES of America,
Plaintiff—Appellee,

v.

Charles Wade LAFLEY, aka Wade
Lafley, Defendant—Appellant.

No. 01–30227.

D.C. No. CR–00–00019–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 27, 2001.*

Decided Jan. 31, 2002.

Before CHOY, SKOPIL, and
FERGUSON, Circuit Judges.

**MEMORANDUM ***

Charles Lafley challenges his sentence, contending that the district court erred by (1) applying USSG § 4A1.1(d) to increase his criminal history category and (2) refusing to apply USSG § 3B1.2(b) to reduce his offense level. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**842**

## DISCUSSION

### 1. *USSG § 4A1.1*

 The Sentencing Guidelines provide for two criminal history points "if the defendant committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d). A "criminal justice sentence" must have a "custodial or supervisory component, although active supervision is not required for the [section] to apply." USSG § 4A1.1, comment. (n.4).

Lafley argues that § 4A1.1(d) does not apply because his state sentence was suspended without supervision. He relies on *United States v. Kipp*, 10 F.3d 1463, 1467 (9th Cir.1993), where we held that a suspended sentence does not invoke § 4A1.1(d) unless the record indicates a "supervisory component." The record here, however, supports the district court's conclusion that "there was a supervision component...." Lafley's state sentence was suspended with conditions that he later violated when he was arrested for felony theft and criminal possession of drugs. In fact, a petition for revocation of his suspended sentence was pending when Lafley committed the instant federal offense. These facts indicate that Lafley was under supervision by the state for compliance with the conditions of his suspended sentence, and accordingly, § 4A1.1(d) applies.

### 2. *USSG § 3B1.2(b)*

 A defendant with a minor role in the crime may receive a two-point offense level reduction. *See* USSG § 3B1.2(b). The adjustment, however, is applied "infrequently and only in exceptional circumstances" and "is warranted only if the defendant is substantially less culpable than his co-participants." *See United States v.*

*Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.) (internal quotations omitted), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000).

Lafley admitted in his plea agreement that he assisted his co-defendants in "securing essential ingredients and/or equipment for the manufacture of methamphetamine, that he possessed a firearm ... while securing such items, that he introduced [a co-defendant] to individuals to assist ... in the manufacturing process by providing a place where methamphetamine could be manufactured, and that he obtained some of the manufactured methamphetamine ... for personal use and redistribution." These admissions show that Lafley "was at least as culpable as many of the other participants" and, accordingly, that the adjustment was properly denied. *See United States v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999).

**AFFIRMED.**