**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Taffy HAMILTON, Defendant—
Appellant.**

No. 03–30004.
D.C. No. CR–02–00045–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Filed March 18, 2004.

Decided April 1, 2004.

Marcia Good Hurd, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Tony Gallagher, David C. Avery, Missoula, MT, for Defendant–Appellant.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## AMENDED MEMORANDUM *

Taffy Hamilton pled guilty to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, the government made various sentencing recommendations not binding on the district court. The court rejected those recommendations in accordance with the presentence report and imposed a sentence of 168 months. Hamilton appeals.

■ The district court did not clearly err in denying Hamilton a sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (2002). *See United States v. Piper*, 918 F.2d 839, 840–41 (9th Cir.1990); *United States v. Cooper*, 912 F.2d 344, 345–48 (9th Cir.1990). The court, however, erred in adjusting Hamilton's offense level upward for her role in the offense, on the ground that she was a manager or supervisor under U.S.S.G.

§ 3B1.1(b) (2002). For the enhancement to apply, Hamilton must have exercised some control or decisionmaking authority over others involved in the commission of the offense. *See United States v. Munoz*, 233 F.3d 1117, 1136–37 (9th Cir.2000); *cf. United States v. Mares–Molina*, 913 F.2d 770, 773 (9th Cir.1990) (discussing § 3B1.1(c)). Simple participation in drug transactions does not justify the enhancement. *Cf. United States v. Avila*, 95 F.3d 887, 889–90 (9th Cir.1996) (applying § 3B1.1(a)); *United States v. Hoac*, 990 F.2d 1099, 1111 (9th Cir.1993) (involving § 3B1.1(c)). Only one of the facts on which the district court relied—a codefendant's statement (noted in the presentence report) that he sold drugs for Hamilton for five years—indicated that Hamilton controlled others. Both Hamilton and the government, however, disputed the reliability of the statement, and the statement lacked sufficient indicia of reliability to support its probable accuracy. Thus, the district court should not have considered it. *See* U.S.S.G. § 6A1.3(a) (2002); *United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001). The remaining facts show only that Hamilton sold large quantities of drugs, not that she controlled others. In short, the facts on which the district court relied cannot sustain the upward adjustment.

■ Also, the court did not make a factual finding, as Hamilton requested, distinguishing the amount of drugs she possessed for distribution from the amount of drugs she possessed for personal use. In the circumstances of this case, the court should have made such a finding. *See* U.S.S.G. § 1B1.3(a)(2) (2002); *United States v. Kipp*, 10 F.3d 1463, 1465–66 (9th Cir.1993).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We therefore vacate the sentence and remand for resentencing. We do not hold as a matter of law that the role enhancement may not apply, and we express no view on the drug amount attributable to Hamilton. On remand, the district court is free to reconsider those issues, the acceptance of responsibility adjustment, and any other issues raised by the parties, and the court is free to receive further evidence if necessary. In view of this holding, we decline at this time to consider Hamilton's eligibility for the "safety valve" adjustment, *see* U.S.S.G. §§ 2D1.1(b)(6), 5C1.2 (2002), which Hamilton may raise as appropriate before the district court.

SENTENCE VACATED AND REMANDED.