**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick FISCHER, Defendant–**
**Appellant.**

**No. 06–30461.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2007.*

Filed May 22, 2007.

---

4. 8 U.S.C. § 1182(c).

5. *Becker v. Gonzales*, 473 F.3d 1000, 1004 (9th Cir.2007). *See also Rodriguez–Munoz v. Gonzales*, 419 F.3d 245, 247–48 (3d Cir.2005).

6. 8 U.S.C. § 1229b(c)(6).

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Ed Zink, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

John S. Forsythe, Forsythe Law Office, Forsyth, MT, for Defendant–Appellant.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant Patrick Fischer pleaded guilty to two counts of possession of a firearm by a controlled substance addict, in violation of 18 U.S.C. § 922(g)(3), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). In this timely appeal, Defendant challenges his sentence.

■ 1. First, Defendant appeals the district court's application of the cross-reference provision of United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(c)(1). Section 2K2.1(c)(1) provides for an increased sentence "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense." Defendant argues that this provision is inapplicable because he pleaded guilty to firearm charges only, and not to "another offense." Reviewing de novo the district court's application of the Guidelines, *United States v. Nielsen,* 371 F.3d 574, 582 (9th Cir.2004), we affirm. Defendant pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 922(g)(3). The district court did not err in finding the drug trafficking offense to be a qualifying other offense for purposes of U.S.S.G. § 2K2.1(c)(1).

2. Defendant asserts that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by engaging in fact-finding at sentencing regarding drug quantity. Defendant's argument is incorrect. *See United States v. Ameline,* 409 F.3d 1073, 1077–78 (9th Cir.2005) (en banc) ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violation the Sixth Amendment right to jury trial. A constitutional infirmity arises only

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

when extra-verdict findings are made in a mandatory guidelines system.").

3. Third, Defendant challenges the district court's finding of the drug quantity attributable to Defendant's drug trafficking activities for purposes of U.S.S.G. § 2D1.1(c). We review for clear error a district court's factual findings in the sentencing phase. *United States v. Nichols*, 464 F.3d 1117, 1121 (9th Cir. 2006). We hold that the district court did err. The district court was required to distinguish between the quantity of drugs held by Defendant for personal use, and that possessed for distribution. *See United States v. Kipp*, 10 F.3d 1463, 1466 (9th Cir.1993). Here, the district court attributed a total of 22 ounces of cocaine to Defendant. The record shows that some portion of that amount was for Defendant's personal use. Thus, under *Kipp*, the record before us does not support the district court's finding that Defendant distributed 22 ounces of cocaine.

Therefore, we must vacate the sentence and remand for the district court to reconsider drug quantity and resentence Defendant accordingly.

4. Finally, Defendant asserts that his sentence is unreasonable. Because we remand for resentencing, we need not reach this issue.

AFFIRMED in part, VACATED and REMANDED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.