NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30239 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00122-SPW-1 |
| v. | |
| MICHAEL CHAVEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 7, 2020**
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,***
District Judge.

Defendant Michael Chavez appeals his criminal sentence of ninety-six

months' imprisonment for possession with intent to distribute, and distribution of,

_____

 *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 ***    The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

1

a methamphetamine mixture in violation of 21 U.S.C. § 841(a)(1). We affirm.

1. The district court did not clearly err in finding that Chavez was responsible for 2408 kilograms of aggregated, converted drug weight. *See United States v. Hahn,* 960 F.2d 903, 907 (9th Cir. 1992) (stating that we review for clear error "[w]hether conduct extraneous to an offense of conviction is part of the same 'course of conduct' . . . as the offense of conviction so as to be considered 'relevant conduct'"). Each drug amount was from the indicted time period (April 2014 until September 2016) or Chavez's arrest in this case. The district court did not err in attributing all of these amounts to Chavez as the same course of conduct. *See, e.g.,* U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 1B1.1, 1B1.3(a)(1)–(2), 3D1.2(d). To the extent that Chavez argued to the district court that a small portion of the attributed drugs were for personal use, the district court did not clearly err in finding otherwise.

2. The district court did not abuse its discretion in denying Chavez a "minor participant" reduction under the Guidelines. *See* U.S.S.G. § 3B1.2(b); *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (holding that we review for abuse of discretion a district court's application of the Guidelines to a case's facts). Such a reduction would have required Chavez to argue to the district court that his culpability was less than the culpability of another specific

2

person involved in the offense. U.S.S.G. § 3B1.2(b), cmt. n.2; *United States v. Kipp,* 10 F.3d 1463, 1467–68 (9th Cir. 1993). Chavez failed to do so.

3. The district court did not clearly err by finding that Chavez was under a criminal sentence at the time of his offense and, thus, applying a two-point increase to his criminal history score. *See United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008) (citing *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)) (stating that we review for clear error a district court's factual findings). The district court found, based on the presentence investigation report, that Chavez received a six-month probationary sentence in February 2014 after he violated the conditions of his suspended custodial sentence. The offense of conviction here began in April 2014.

4. Finally, the district court did not abuse its discretion in sentencing Chavez to ninety-six months' imprisonment. *See Gall v. United States,* 552 U.S. 38, 51 (2007) (holding that the courts of appeals review for abuse of discretion the substantive reasonableness of a district court's sentence). Chavez's sentence reasonably reflects the totality of the circumstances, including a significant downward variance for his age and health problems.

**AFFIRMED.**