**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy Paul VELA, Defendant–
Appellant.**

No. 92–6303.

United States Court of Appeals,
Tenth Circuit.

May 4, 1993.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Joe Heaton, U.S. Atty. and Edward J. Kumiega, Asst. U.S. Atty., for plaintiff-appellee.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Timothy Paul Vela appeals his sentence following a judgment of conviction on a guilty

plea to attempted bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Mr. Vela to fifty-seven months imprisonment and a three-year period of supervised release. Mr. Vela contends that the district court incorrectly applied U.S.S.G. § 4A1.1(d) in determining his criminal history category. We hold that the court did not err in its application of the sentencing guidelines and therefore affirm.[1]

■ At the time Mr. Vela attempted the bank robbery, he was serving a one-year deferred sentence for a variety of offenses in No. CM–9101068, Municipal Court, Oklahoma City, Oklahoma.[2] Based on this fact, the district court increased Mr. Vela's criminal history computation by two points. The two-point increase moved Mr. Vela from a Category II criminal history to a Category III. The increase was made pursuant to U.S.S.G. § 4A1.1(d), which mandates an increase of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The district court found Mr. Vela's deferred sentence to be a criminal justice sentence within the meaning of section 4A1.1(d), holding that "any sentence, deferred sentence, is a sentence of probation." Rec., vol. II, at 5. Mr. Vela argues that a deferred sentence in Oklahoma has no supervisory, custodial, or probationary component. The Government disagrees.

■ The commentary to section 4A1.1(d) defines a "criminal justice sentence" as a sentence "having a custodial or supervisory component, although active supervision is not required for this item to apply." U.S.S.G. § 4A1.1(d), comment. (n.4). We therefore assess the Oklahoma deferred sentencing scheme in light of this definition. The construction of Oklahoma's deferred sentencing statute is a question of law which we review de novo. *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir.1991).

The Oklahoma statute entitled "Deferred judgment procedure" provides:

A. Upon a verdict or plea of guilty or upon a plea of nolo contendere, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and *place the defendant on probation* under the supervision of the State Department of Corrections upon *the conditions of probation* prescribed by the court. . . .

B. *Upon completion of the probation term,* which probation term under the procedure shall not exceed five (5) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty or plea of nolo contendere shall be expunged from the record and said charge shall be dismissed with prejudice to any further action.

Okla.Stat.Ann. tit. 22, § 991c (West Supp. 1993) (emphasis added). By the very terms of the statute, the proceedings contemplate deferral *and* probation. In *Edwards v. State,* 747 P.2d 968, 970 (Okla.Crim. App.1987), the court rejected the argument that a deferred sentence had imposed no terms or conditions of probation when the sentence specifically prohibited further violations of any law. *See also Johnson,* 941 F.2d at 1111 (mentioning the deferment period as one of probation). Other courts which have addressed the meaning of "criminal justice sentence" have construed section 4A1.1(d) broadly. *See, e.g., United States v. Johnson,* 962 F.2d 1308, 1314 (8th Cir.1992) (holding "intensive supervision" resulting from juvenile court adjudication to be a criminal justice sentence); *United States v. Hatchett,* 923 F.2d 369, 376–377 (5th Cir.1991) (holding deferred adjudication under Texas state law to be a criminal justice sentence). Based on the Oklahoma statute and a broad reading of section 4A1.1(d), we hold that a deferred sentence under the Oklahoma deferred sen-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. Mr. Vela was charged with driving under the influence, obstructing an officer, and several other motor vehicle violations.

tencing procedures is a "criminal justice sentence" within the meaning of section 4A1.1(d).

We also take judicial notice under Fed. R.Evid. 201(b)(2) and 201(d) of the Deferred Sentence, Plea of Guilty, Summary of Facts filed in *State v. Vela,* No. CM–9101068, District Court of Oklahoma County (June 20, 1991). That document placed Mr. Vela under the deferred sentence which is the subject of this appeal. The document places certain conditions on Mr. Vela's deferred sentence which if violated would result in the acceleration of that sentence. The conditions include refraining from the following: violation of any city, state, or federal law; possession of marijuana or other narcotics; and the habitual association with convicted felons. *Id.* at ¶ 31. Thus, not only does the Oklahoma statute discuss supervisory conditions, but such conditions are imposed in practice.

We AFFIRM the district court's calculation of Mr. Vela's sentence.