16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jamet BILLINGSLEAY, Defendant-Appellant.
 No. 93-3237.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.
 Jamet Billingsleay appeals the guideline sentence of 21 months imposed upon him following his plea of guilty to one count of unlawful possession of a firearm in violation of 18 U.S.C. 922(k) and 924(a)(1)(B). We affirm.
 At the time Mr. Billingsleay committed the federal offense, he was on probation imposed upon him in a Georgia state court under the Georgia First Offender Act, following charges of being in possession of a controlled substance, and a minor in possession of alcohol. Based on this fact, the district court increased Mr.Billingsleay's criminal history computation by two points pursuant to U.S.S.G. 4A1.1(d), which mandates an increase of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation...."
 Mr. Billingsleay concedes that he was on probation under the Georgia First Offender statute, but contends that the probation was not imposed pursuant to a "criminal justice sentence," because the Georgia statute permits the imposition of probation before an adjudication of guilt.[2] Mr.Billingsleay argues that his Georgia probation is more akin to a diversion described in U.S.S.G. 4A1.1(f), for which only one criminal history point is assessed.
 We considered a similar situation in United States v. Vela, 992 F.2d 1116 (10th Cir.1993), involving an Oklahoma statute which Mr.Billingsleay concedes is substantially indistinguishable from the Georgia statute in question. After analyzing the state statute and the language and intent of the guidelines, we stated: "Based on the Oklahoma statute and a broad reading of section 4A1.1(d), we hold that a deferred sentence under the Oklahoma deferred sentencing procedures is a 'criminal justice sentence' within the meaning of section 4A1.1(d)." Id. at 1117-18.
 
 
 1
 While Mr.Billingsleay's counsel does a commendable job of pointing out differences between the issue articulated in Vela and the one presented here, we are persuaded that the result we reached in Vela is the proper result here as well. The guidelines intend to impose a more severe punishment on an offender who commits a federal crime while on probation stemming from another offense. To effectuate that intent, we made it clear in Vela that the term "criminal justice sentence" as used in 4A1.1(d) must be broadly construed. Id. at 1117. We perceive neither a constitutional due process violation nor a misapplication of the guidelines in this analysis and criminal history calculation.
 
 
 2
 Accordingly, the sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The Georgia statute in question provides in relevant part as follows:
 41-8-60(a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:
 (1) Defer further proceedings and place the defendant on probation as provided by law; or
 (2) Sentence the defendant to a term of confinement as provided by law.