72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Ladarrell WILSON, Defendant-Appellant.
 No. 95-6066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 BARRETT, Senior United States Circuit Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Anthony L. Wilson (Wilson) appeals his sentence following judgment of conviction on a guilty plea to the charge of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. 841. On January 30, 1995, the district court sentenced Wilson to 188 months imprisonment, a term of supervised release of five years, ineligibility for Federal benefits for a term of ten years, and a $50.00 special assessment.
 
 
 4
 A Presentence Report disclosed, among other things, that, based on a three-year deferred sentence Wilson had received in Oklahoma County District Court on October 26, 1990, for False Declaration of Ownership, Wilson should be assessed one additional criminal history point. Wilson objected on the ground that under 22 O.S. 991c[2] he was not convicted because a deferred sentence is not a suspension of a sentence, but is a deferment of the actual imposition of a judgment and sentence. He cites to 22 O.S. 991c, Federal Sentencing Guidelines, 4A1.2(f)[3] and United States v. Johnson, 941 F.2d 1102 (10th Cir.1991).
 
 
 5
 In response to Wilson's objection, the probation officer pointed out that no documentation was found indicating that Wilson had successfully completed his deferred sentence, but while serving his deferred sentence, Wilson was arrested for another offense and sentenced to prison in November, 1991. The probation officer stated that an application to accelerate Wilson's deferred sentence was filed, but no action was taken on the matter.
 
 
 6
 The district court found that Wilson's unexpunged deferment constituted a conviction for purposes of determining his criminal history category under the Federal Sentencing Guidelines.
 
 
 7
 On appeal, Wilson contends that the district court erred in counting the deferred sentence he received from the Oklahoma County District Court in scoring his criminal history.
 
 
 8
 We review the construction of Oklahoma's deferred sentencing statute de novo as a question of law, without reference to the district court. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991); Robinson v. Missouri Pac. R.R., 16 F.3d 1083, 1092 (10th Cir.1994). "Factual findings made at sentencing are reviewed under a clearly erroneous standard, but the district court's legal interpretation of the guidelines is reviewed de novo." United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir.), cert. denied, --- U.S. ---- (1993); United States v. Underwood, 982 F.2d 426, 428 (10th Cir.1992).
 
 
 9
 Wilson's reliance on United States v. Johnson, 941 F.2d 1102 (10th Cir.1991), is misplaced. There the period of deferment under 22 O.S. 991c had expired, according to the Presentence Report, because defendant Johnson had successfully completed the terms of his probation. This court held:
 
 
 10
 The key question here is whether Oklahoma's deferred sentencing law automatically expunges a criminal record upon successful completion of probation, or whether an individual must take some affirmative action after probation to have their record expunged. We believe the statute operates automatically. We reach this conclusion after examining the statute itself, Oklahoma cases construing the statute, and other pertinent material.
 
 
 11
 As already mentioned, Oklahoma's deferred sentencing statute states that upon completion of probation a criminal record "shall be expunged." Okla. Stat. Ann. Tit. 22, 991c (West 1986) (emphasis added).
 
 
 12
 941 F.2d at 1111.
 
 
 13
 Unlike the situation in Johnson, here Wilson's deferred sentence would have run on October 26, 1993, but for the intervening filing of the application to accelerate on April 9, 1991. The filing of that application tolled the completion of Wilson's deferment; thus, he was still on deferred status at the time of the criminal conduct involved here, i.e., Possession with Intent to Distribute Cocaine Base on October 18, 1994.
 
 
 14
 This case is controlled by our decision in United States v. Vela, 992 F.2d 1116 (10th Cir.1993). There, at the time defendant Vela committed the federal offense of attempted bank robbery, "... he was serving a one-year deferred sentence for a variety of offenses in No. CM-9101068 Municipal Court, Oklahoma City, Oklahoma.[2]" (footnote omitted). Id. at 1117. The court held:
 
 
 15
 Based on the Oklahoma statute (Okla. Stat. Ann. tit. 22, 991c (West Supp.1993) and a broad reading of section 4A1.1(d), we hold that a deferred sentence under the Oklahoma deferred sentencing procedures is a "criminal justice sentence" within the meaning of section 4A1.1(d).
 
 
 16
 We also take judicial notice under Fed.R.Evid. 201(b)(2) and 201(d) of the Deferred Sentence ... that document places certain conditions on Mr. Vela's deferred sentence which if violated would result in acceleration of that sentence.... Thus, not only does the Oklahoma statute discuss supervisory conditions, but such conditions are imposed in practice.
 
 
 17
 Id. at 1117-18.
 
 
 18
 We AFFIRM the district court's calculation of Wilson's sentence.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 22 O.S. 991c provides, in pertinent part, that upon completion of the probation term "... the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty or plea of nolo contendere shall be expunged from the record and said charge shall be dismissed with prejudice to any further action."
 
 
 [3]
 4A1.2(f) provides that "Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."