101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David B. WOLF, Defendant-Appellant.
 No. 96-2235.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Nov. 1, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 David Wolf was convicted on a plea of guilty to a one-count indictment charging that he traveled in interstate commerce with intent to commit murder in violation of 18 U.S.C. § 1958. On June 27, 1994, Wolf traveled from Wisconsin to Illinois with the intent to murder Lamonte Mathias. The next day, he followed through on his intent. On appeal, the sole question is whether Wolf was under a "criminal justice sentence" so as to increase his criminal history score two points under Sentencing Guideline § 4A1.1(d), where an Illinois state court had placed him on one year of court supervision three weeks prior to the murder.
 
 I. Court Supervision
 
 2
 In Illinois, if a defendant meets certain conditions a court "may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant...." 730 ILCS 5/5-6-1(c). (Thus, the fact that a defendant has been placed on supervision may be taken as proof that he committed the offense. People v. Sheehan, 659 N.E.2d 1339, 1343-44 (Ill.1995); People v. Pennacchio, 573 N.E.2d 297, 299-300 (Ill.Ct.App.1991)). If a defendant is placed on supervision, the court "shall enter an order for supervision specifying the period of such supervision, and shall defer further proceedings in the case until the conclusion of the period." 730 ILCS 5/5-6-3.1(a). Specifically, "[t]he court shall defer entering any judgment on the charges until the conclusion of the supervision." 730 ILCS 5/5-6-3.1(d). The court may impose conditions of supervision. 730 ILCS 5/5-6-3.1(c).
 
 
 3
 If the defendant successfully completes the period of supervision, "the court shall discharge the defendant and enter a judgment dismissing the charges." 730 ILCS 5/5-6-3.1(e). "Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 ILCS 5/5-6-3.1(f). (That is not to say, however, that the offense cannot be used to enhance a later punishment. Sheehan, 659 N.E.2d at 1343.) If the state proves a violation, however, the court "may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that was available under Section 5-5-3 at the time of initial sentencing." 730 ILCS 5/5-6-4(e). Although it is not a final judgment, an order of supervision is appealable because "[u]ntil a final judgment on the underlying offense is entered, the case involves imprisonment." Kirwan v. Welch, 549 N.E.2d 348, 350 (Ill.1989).
 
 II. Guidelines Structure
 
 4
 Section 4A1.1(d) provides for the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." "For the purposes of this item, a 'criminal justice sentence' means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this term to apply." U.S.S.G. § 4A1.1, comment. (n. 4).
 
 
 5
 Under section 4A1.2(a)(1), "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre, for conduct not part of the instant offense." Section 4A1.2(a)(3) states, "A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." Further, section 4A1.2(f) provides, "Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendre, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered...."
 
 III. Analysis
 
 6
 Both Wolf and the government argue that Illinois court supervision should not count as a "criminal justice sentence" for purposes of section 4A1.1(d). They argue that a diversionary disposition resulting from an admission of guilt (Wolf had entered a "negotiated plea of guilty" in the prior proceeding) should be counted only for purposes of section 4A1.1(c), pursuant to the language of sections 4A1.2(a)(3) and (f). The inclusion of section 4A1.1(c), but not section 4A1.1(d), they submit, indicates that the Sentencing Commission did not intend diversionary dispositions to be counted under section 4A1.1(d). Further, they argue, because of the structure of the Illinois court supervision procedure, there was neither a sentence nor an adjudication of guilt in the state proceeding at the time the murder was committed.
 
 
 7
 For several reasons, however, an order of court supervision should be considered a "criminal justice sentence" for the purposes of section 4A1.1(d). In two cases, United States v. Kozinski, 16 F.3d 795, 812 (7th Cir.1994), and United States v. Dillon, 905 F.2d 1034, 1037 (7th Cir.1990), this court assumed that Illinois court supervision would support an increase under section 4A1.1(d). In Kozinski, the court was unable to determine that the defendant either pled guilty, stipulated to facts showing guilt, or had a finding of guilt entered against him. (The Kozinski court, however, did not have the benefit of the Illinois Supreme Court's recent determination that the entry of an order of supervision necessarily recognizes the defendant's guilt. Sheehan, 659 N.E.2d at 1344.) In Dillon, the defendant would have been eligible for a two-level increase, if the court had tolled the period of supervision before it expired. Because the state took no action to revoke his supervision prior to the expiration of the period, however, Dillon was not under a "criminal justice sentence" at the time of his federal drug offense. Also, in United States v. Lee, 941 F.2d 571, 573 (7th Cir.1991), the court held that where the state court system (Missouri) retained no jurisdiction over a defendant who had been serving probation, he "had ceased to be under a 'criminal justice sentence' with respect to that state charge for purposes of the Guidelines." Here, however, the state retained jurisdiction over Wolf; he was subject to its conditions and upon violation the order could be revoked.
 
 
 8
 The Tenth Circuit was faced with deciding whether Oklahoma's deferred sentencing scheme satisfied section 4A1.1(d) in United States v. Vela, 992 F.2d 1116, 1117-18 (10th Cir.1993). That statute stated:
 
 
 9
 A. Upon a verdict or plea of guilty or upon a plea of nolo contendre, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court....
 
 
 10
 B. Upon completion of the probation term, which probation terms under the procedure shall not exceed five (5) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty or plea of nol contendre shall be expunged from the record and said charge shall be dismissed with prejudice to any further action.
 
 
 11
 Id. at 1117 (emphasis in original). Because Vela had been placed under supervisory conditions, the court found that a broad reading of section 4A1.1(d) encompassed the Oklahoma deferred judgment procedure. Id. at 1117-18.
 
 
 12
 By contrast, the Ninth Circuit held that where a deferred sentence contained no term of probation, and thus contained no "supervisory component," it did not meet the definition of "criminal justice sentence." United States v. Kipp, 10 F.3d 1463, 1467 (9th Cir.1993). Although some language in the opinion seems to place weight on the fact that no sentence was imposed, the decision specifically contrasts Vela, in which probation was a required element of the supervision procedure. Id. In the case at bar, Wolf's supervision was conditioned, and was revocable upon violation of the conditions, making it more like Vela than Kipp.
 
 
 13
 The inference that "criminal justice sentence" includes court supervision is strengthened by the language and intent of the Guidelines. According to the commentary, section 4A1.1(d) includes "a sentence countable under § 4A1.2" that has a supervisory component. Under section 4A1.2(f), a diversionary disposition resulting from a plea or finding of guilt is countable. This is the approach taken by the Fifth Circuit in United States v. Giraldo-Lara, 919 F.2d 19, 23 (5th Cir.1990). Moreover, the commentary to section 4A1.2(f) states, "This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2, comment. (n. 9). Holding that court supervision does not count as a "criminal justice sentence" would indeed be giving the defendant further leniency.
 
 
 14
 Moreover, this court has found that court supervision may support the levy of one criminal history point under section 4A1.1(c). United States v. Gordon, 64 F.3d 281, 284 (7th Cir.1995), cert. denied, 116 S.Ct. 743 (1996); United States v. Moore, 25 F.3d 563, 570 (7th Cir.), cert. denied, 115 S.Ct. 341 (1995). In Moore, the defendant successfully completed his term of supervision, yet he was assessed one criminal history point for having served a prior sentence. It would be anomalous to hold that an order of court supervision is not a sentence while it is in effect (for purposes of section 4A1.1(d)), but it is countable as a sentence after successful completion and dismissal of charges.
 
 
 15
 Finally, this circuit (like others) has found that sentences of conditional discharge are countable under section 4A1.1(d). United States v. Caputo, 978 F.2d 972, 977 (7th Cir.1992) ("Since unsupervised probation equals conditional discharge, we think the latter should be equated to probation."). Court supervision, by comparison, is one step farther down the sentencing scale. See People v. Hall, 623 N.E.2d 751, 755 (Ill.Ct.App.1993) ("[T]he determination of defendant's sentence--specifically, the choice between conditional discharge or supervision--still lies within the discretion of the court."). The difference between conditional discharge and court supervision is not in the serving of the time, but in the result of successful completion. Thus, an order of court supervision, while in effect, also equates to unsupervised probation and thus is countable under section 4A1.1(d).
 
 
 16
 In sum, Wolf entered a "negotiated plea of guilty," an act which he characterizes on appeal as an admission of guilt, and as a result he was ordered to serve one year of court supervision. That admission and subsequent order, which was concededly in effect at the time of the federal crime, sufficiently supports the application of Sentencing Guideline § 4A1.1(d).
 
 
 17
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)