**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENYATTE M. LYLES,

    Defendant - Appellant.

Nos. 99-3289
99-3290
99-3294

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. Nos. 98-CR-10107, 99-CR-10070, and 99-CR-10071)**

---

Submitted on the briefs:[*]

Thomas McKee West, Atlanta, Georgia, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, and Debra L. Barnett, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See, Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

_____

Defendant pled guilty to numerous counts of bank fraud. At the sentencing hearing, the court determined on adequate evidence, including a document presented by defendant, that at the time he committed the instant offenses he was on probation pursuant to a Georgia first-offender statute Ga. Code Ann. § 17-7-95. Defendant presented to the court a document discharging him from the Georgia sentence for successful completion of his probation. It was signed effective the day before the instant sentencing procedure.

On appeal, defendant challenges the court's assignment of one criminal history point pursuant to U.S.S.G. § 4A1.1(c) for his previous conviction and two additional points pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while on probation.

The essence of defendant's argument on appeal is that the Georgia proceeding was not a "criminal justice sentence" and that his Georgia discharge removed him from the provisions of § 4A1.1(c) and (d). In a prior unpublished Order and Judgment, United States v. Bellingsleay, 16 F.3d 417, 1994 WL 9787 (10th Cir. 1994) (Table), we quite properly held that this Georgia statute was legally undistinguishable from the Oklahoma deferred sentence statute involved in United States v. Vela, 992 F.2d 1116 (10th Cir. 1993). We there held that the

-2-

state procedure was indeed a "criminal justice sentence" for purposes of § 4A1.1(d). *A fortiori* it is a "criminal justice sentence" for purposes of subsection (c).

Application Note 10 to § 4A1.2 makes clear that even where such convictions are set aside "for reasons unrelated to innocence or errors of law" (as in this case) "such convictions are to be counted."

Clearly, the court correctly applied the sentencing guidelines to the evidence of the Georgia proceeding admitted at sentencing.

**AFFIRMED**.