**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LUIS CHACON-RASCON,

Defendant-Appellant.

No. 08-2046
(District of New Mexico)
(D.C. No. 2:07-cr-00795-LH)

**ORDER AND JUDGMENT**[*]

Before **LUCERO,** Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

On December 9, 2005, Jose Chacon-Rascon, the defendant, was convicted in Curry County, New Mexico on his plea of guilty to a state charge of Criminal Sexual Penetration in the Fourth Degree (a felony), and he was ultimately given a deferred sentence. Shortly thereafter, on January 10, 2006, he was deported to Mexico. On April 24, 2007, defendant was charged in a one-count indictment filed in the United States District Court for the District of New Mexico with

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reentry into the United States, after having been deported from the United States, in violation of 8 U.S.C. §§ 1326(a) and (b). On June 6, 2007, the defendant pled guilty to the indictment.

The presentence report set defendant's base offense level at 8, pursuant to U.S.S.G. § 2L1.2(a) and then increased his base offense level by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because he previously had been convicted of a crime of violence resulting in his deportation. He then received a three-level reduction in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 21.

In connection with his criminal history category, defendant received one point for his conviction of criminal sexual penetration of a child, which resulted in his deportation, and received two additional criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because he had reentered the United States while under a criminal justice sentence. With a criminal history category of II and an offense level of 21, his guideline range was imprisonment for 41 to 51 months. The defendant asked for a downward variance, which the district court granted when it sentenced defendant to imprisonment for 33 months. The defendant appeals the sentence thus imposed.

On appeal, the defendant raised three issues:

(1) the district court erred in calculating defendant's criminal history category;

(2) the district court erred in calculating defendant's offense level, and

(3) the district court's sentence of 33 months imprisonment was "unreasonable" under *United States v. Booker,* 543 U.S. 220 (2005).

## I.

The defendant first argues that the district court committed "plain error" in calculating defendant's criminal history category by adding two points under U.S.S.G. § 4 A1.1(d) for committing the instant offense (re-entry) "while under a criminal justice sentence." In this Court, the defendant argues that a "deferred sentence" is not a "criminal justice sentence." Counsel in his reply brief concedes that this particular issue was not raised in the district court, and that therefore the issue cannot be raised on appeal unless it is an error that was "plain," meaning clear or obvious and affecting substantial rights. If these requirements are met, we, in our discretion, may correct the error "if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. A.B.*, 529 F.3d 1275, 1280 (10th Cir. 2008). This Court has held that deferred sentences under Oklahoma, Colorado and Utah State law constitute criminal justice sentences under U.S.S.G. § 4 A1.1(d). *See United States v. Vela*, 992 F.2d 1116 (10th Cir. 1993); *United States v. Norman*, 129 F.3d 1393, 1401 (10th Cir. 1997); *United States v. Gorman*, 312 F.3d 1159, 1164 (10th Cir. 2002). In sum, our study of the present record leads us to conclude that the defendant has failed to

show the district court committed "plain error."

II.

As stated, the district court followed the recommendation of the presentence report that defendant's base offense level of 8 be raised by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). In the district court, and in this Court, counsel argues that defendant's conviction in the New Mexico state court for criminal sexual penetration of a child did not constitute a "crime of violence," and that, in fact, the sexual penetration was consensual and not forcible.

U.S.S.G. § 2L1.2(b)(1)(A)(ii) states that statutory rape is a crime of violence. Counsel concedes that the guideline so reads, but argues that such is inconsistent with 18 U.S.C. § 16 which reads as follows:

**§ 16. Crime of violence defined**

The term "crime of violence" means–

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On appeal, counsel agree that U.S.S.G. § 2L1.2 (b)(1)(A) is "broader" than 18 U.S.C. § 16. In that connection, the United States on appeal cites, *inter alia*, *United States* v. *Hernandez-Castillo,* 449 F.3d 1127 (10th Cir. 2006), where we held that the defendant's prior California conviction for unlawful sexual

-4-

intercourse with a minor constituted a "crime of violence" for purposes of the Sentencing Guideline applicable to sentencing for illegal re-entry. Counsel also cites *United States v. Parson,* 955 F.2d 858, 867 (3rd Cir. 1992) where that Circuit spoke as follows: "We therefore hold that even if the definition of 'crime of violence' in U.S.S.G. § 4B1.2 is broader than that in 18 U.S.C. § 16, the Commission's definition is permissible under the authorizing statute." In short, the district court did not err in adding 16 levels to defendant's base offense level pursuant to U.S.S.G. § 2L1.2 (b)(1)(A).

### III.

Counsel also asserts on appeal that defendant's sentence of imprisonment for 33 months, which was <u>below</u> the guideline range of imprisonment of 41 to 51 months, was "unreasonable." We disagree. The sentence imposed was in our view most reasonable. *See Rita v. United States,* 551 U.S. 338 (2007); *United States v. Kristl,* 437 F.3d 1050 (10th Cir. 2006).

Judgment affirmed.

Entered for the Court


Robert H. McWilliams
Senior Circuit Judge