**UNITED STATES of America,**
**Appellee,**

v.

**Timothy WILLIAMS, Defendant–**
**Appellant.**

**Docket No. 00–1519.**

United States Court of Appeals,
Second Circuit.

Submitted: March 8, 2001.

Decided: April 18, 2001.

ting both the statutory and guidelines ranges appropriate for his sentence. We hold that, in sentencing defendants convicted of possession with intent to distribute, drugs meant only for personal use must be excluded from the drug quantity assessment. Accordingly, we vacate and remand the judgment of the district court.

## BACKGROUND

Timothy Williams was convicted in 1992 on four counts relating to drug and weapons offenses. He was sentenced to consecutive terms of 20 years, under 21 U.S.C. § 841, for possession of cocaine base with intent to distribute, and 5 years, under 18 U.S.C. § 924(c)(1), for carrying a firearm in connection with a drug offense. Williams also received concurrent sentences of 5 years each for possession of firearms with obliterated serial numbers and for being a felon in possession of a firearm. On November 1, 1994, this court summarily affirmed Williams's conviction.

On June 25, 1997, Williams filed a petition for relief under 28 U.S.C. § 2255. In light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Williams's conviction under 18 U.S.C. § 924, for possession of a firearm during a drug crime, was vacated. *See* Memorandum and Order of District Court in *Williams v. United States*, cv–97–2510 (June 25, 1997). His petition was denied in all other respects and the district court ordered that Williams be produced for resentencing. *See id.*

On March 30, 2000, the government submitted a letter to the district court in preparation for resentencing.[1] The letter

Cheryl J. Sturm, Carlos J. Martinez, Chadds Ford, PA, for appellant.

Judith Phillips, Susan Corkery, Assistant United States Attorneys for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for appellee.

Before JACOBS and CALABRESI, Circuit Judges, and ARTERTON, District Judge.*

CALABRESI, Circuit Judge:

■ This case presents the question of whether a criminal defendant who is convicted of possession of drugs with intent to distribute, in violation of 21 U.S.C. § 841, is entitled to have excluded from a sentencing court's calculation of the quantity of drugs involved in his offense any drugs that were intended for "personal use" rather than distribution. Appellant Timothy Williams challenges a judgment of the United States District Court of the Eastern District of New York (Glasser, *J.*), sentencing him to twenty years in prison for possession of over 50 grams of cocaine base. Williams argues that, by failing to exclude from its calculus those drugs which he intended to consume rather than distribute, the district court erred in set-

---

* The Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut, sitting by designation.

1. The three-year delay between the grant of Williams's habeas petition and his resentencing has been attributed by the government to "an error." It is unclear, from the record

referred the court to the initial Pre Sentence Report (PSR), which had been prepared in 1993. The PSR stated that "the defendant was found to be in possession of 68.9 grams (net weight) of cocaine base...." Accordingly, the PSR indicated that Williams's offense level for this count, under U.S.S.G. § 2D1.1(a)(3), was 32, and that, under 21 U.S.C. § 841(b)(1)(A), Williams was subject to a mandatory minimum term of 20 years in prison.[2] The government's letter to the district court explained:

> According to the PSR, the defendant is assigned to criminal history category III. Thus, assuming his adjusted offense level is 34, the range of imprisonment is 188–235 months. However, the statutory mandatory minimum for the defendant's section 841(a)(1) conviction is 20 years. Accordingly, the defendant should be resentenced to 240 months.

Williams thereupon sent to the district court his "Objections to Presentence Investigation Report." In these, he asserted that "drug quantities intended for personal use must be subtracted from total drug quantities in order to arrive at quantities intended for distribution, which is the baseline for computation of the mandatory minimum term and the guideline range." He insisted that the government was required to prove that the quantity of drugs with respect to which he was sentenced under 21 U.S.C. § 841 was actually "intended for distribution."

On June 27, 2000, the district court held a (re)sentencing hearing. Judge Glasser stated that "insofar as the quantity is concerned, I think the record of this case is pretty clear that the quantity for which Mr. Williams was being held responsible was quite clearly a quantity which was for distribution and not for personal use." As a result, Williams was sentenced, in accordance with 21 U.S.C. § 841(b)(1)(A), for possession with intent to distribute 68.9 grams of cocaine base. Judge Glasser explained that, under this provision, "there's a mandatory minimum of twenty and a maximum of life," and he sentenced Williams to twenty years in prison and ten years of supervised release on the § 841 count. Williams also received (as he had before) concurrent sentences of 5 years each for being a felon in possession and for possessing firearms with defaced serial numbers.

This appeal followed.

## DISCUSSION

On appeal, Williams reiterates his claim that the district court should have distinguished between cocaine intended for distribution and cocaine intended for personal use.[3] Williams emphasizes that he is a drug addict, and that he began using cocaine when he was 18 or 19 years old and heroin when he was 23. He further argues that given his "long history of drug addiction, the likelihood that [he] was not consuming a portion of the applicable cocaine is remote." Had the drugs intended for personal use been excluded from the district court's calculation, Williams contends, the applicable range of punishment

before us, what this error was; in any event, it does not affect our decision in this case.

**2.** 21 U.S.C. § 841(b)(1)(A) applies, *inter alia*, to crimes involving "50 grams or more of a mixture or substance ... which contains cocaine base."

**3.** Williams also asserts that his sentence violates the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because we conclude, on other grounds, that Williams's sentence should be vacated, we need not take up his *Apprendi* claim at this time.

under both the statute and the Sentencing Guidelines would have been lower.[4]

### A.

The question of whether drugs intended for personal use must be excluded from a finding of drug quantity under 21 U.S.C. § 841 is a question of law which we review *de novo*. *See, e.g., United States v. Grant*, 235 F.3d 95, 99 (2d Cir.2000). Under U.S.S.G. § 1B1.3(a)(2), in determining the quantity of drugs relevant to a defendant's offense level under the sentencing guidelines, only drugs "that were part of the same course of conduct or common scheme or plan as the offense of conviction" are to be considered. Williams insists that drugs intended for personal use and drugs intended for distribution are not part of "the same course of conduct or common scheme or plan." The defendant relies on *United States v. Kipp*, 10 F.3d 1463 (9th Cir.1993) and *United States v. Wyss*, 147 F.3d 631 (7th Cir.1998) for support. In *Kipp*, the Ninth Circuit held that:

> Drugs possessed for mere personal use are not relevant to the crime of possession with intent to distribute because they are not "part of the same course of conduct" or "common scheme" as drugs intended for distribution. Accordingly, we hold that in calculating the base offense level for possession with intent to distribute, the district court must make

a factual finding as to the quantity of drugs possessed for distribution and cannot include any amount possessed strictly for personal use.

*Kipp*, 10 F.3d at 1465. Similarly, in *Wyss*, the Seventh Circuit determined that "[i]t was ... improper for the judge to take account of the defendant's possession of cocaine for personal use ... in sentencing him for possession with intent to distribute."[5] *Wyss*, 147 F.3d at 632.

The government urges this court to reject the holdings in *Kipp* and *Wyss* and, instead, to adopt the view of the Eleventh Circuit, expressed in *United States v. Antonietti*, 86 F.3d 206 (11th Cir.1996). The *Antonietti* court acknowledged the decision of the Ninth Circuit in *Kipp*, but expressly declined to follow it. Citing the decisions of other circuits in *United States v. Innamorati*, 996 F.2d 456, 492 (1st Cir. 1993), *cert. denied*, 510 U.S. 1120, 114 S.Ct. 1073, 127 L.Ed.2d 391 (1994), *United States v. Snook*, 60 F.3d 394, 395 (7th Cir.1995); *United States v. Fregoso*, 60 F.3d 1314, 1328 (8th Cir.), *reh'g and sugg. for reh'g en banc denied* (Oct. 10, 1995), and *United States v. Wood*, 57 F.3d 913, 920 (10th Cir.1995), the Eleventh Circuit decided to count, for sentencing purposes, drugs intended for personal use.

The defendants in *Antonietti* (and in the cases upon which *Antonietti* relied), how-

---

**4.** If Williams were found to have possessed fewer than 50 grams of cocaine base, his sentencing range would have been different from that applied in the PSR and by the district court. *See* 21 U.S.C. § 841 and U.S.S.G. § 2D1.1(a)(3).

**5.** The *Wyss* court explained further:

This result, compelled by the language of the guidelines, is also supported by common sense. Imagine two cases, each involving the purchase of 1kg. of cocaine. In the first case, the defendant intends to sell all of it; in the second, he intends to sell only half and consume the rest. On the

government's view, the defendants in the two cases should be punished with equal severity. Yet it is apparent that the first defendant is the more dangerous criminal. Suppose, to make the contrast even sharper, that the second defendant intends to sell only one gram of the cocaine and consume the rest himself. Again, under the government's view he should be punished as heavily as the first defendant, even though he is selling only one-tenth of one percent as much cocaine.

*Wyss*, 147 F.3d at 632.

ever, were not charged only with possession with intent to distribute, but also with conspiracy. Those cases are, therefore, inapposite to the one before us, which (like *Kipp* and *Wyss*) involves only possession with intent to distribute, and not conspiracy. As the Seventh Circuit explained in *Wyss:*

> The case would be different ... if the charge were conspiracy rather than possession.... Suppose that X sells Y a kilogram of cocaine in circumstances that make Y a conspirator with X and not merely a buyer from him. The amount of drugs involved in the conspiracy is unaffected by the use that Y makes of the drugs. It makes no difference whether he sells the entire amount and buys drugs for his personal consumption on the open market with the proceeds or keeps a portion of the drugs to consume personally as compensation for his participation in the conspiracy. But the defendant in our case was not convicted of conspiracy and the judge made no finding that, convicted or not, he was a participant in a conspiracy.

*Wyss*, 147 F.3d at 632. Where, instead, there is no conspiracy at issue, the act of setting aside narcotics for personal consumption is not only not a *part of* a scheme or plan to distribute these drugs, it is actually *exclusive* of any plan to distribute them.[6] Accordingly, we hold that, in calculating the quantity of drugs relevant for purposes of sentencing under 21 U.S.C. § 841, any fractional quantity of drugs intended for personal use must be excluded.

### B.

■ The government argues that even if drugs intended for personal use are to be excluded from the quantity calculation, such an exclusion would have no effect on the result in this case.[7] This is so, the government contends, because the evidence demonstrates that the cocaine found in Mr. Williams's possession upon his arrest was for distribution. In this respect, the government notes that police found paraphernalia in Williams's apartment— *e.g.*, "cooking" and "packaging" materials—that are consistent with an intention to distribute drugs. Moreover, the government points out, after Williams's arrest, he admitted to police that he used that paraphernalia to weigh, package, and sell drugs.

■ But this evidence suggests only that the defendant intended to distribute cocaine; it does not speak to the question of whether Williams intended to distribute *all* of the cocaine in his possession. The line of argument pursued by the government, therefore, does not undermine Williams's contention that *part* of the cocaine in question was intended for personal use.

The government emphasizes, however, that even if some of the cocaine seized from Williams's apartment was intended for personal use, the court would have to find that at least 18.9 of the 68.9 grams seized were so intended, in order for Williams's offense level to be reduced. *See supra* note 4. The government also notes that a federal agent who examined the drugs seized from Williams's apart-

---

6. Drugs intended for personal use are not for distribution. It may be, however, that drugs held to be shared gratis with family and friends, though not for personal use, are also not for "distribution," pursuant to 21 U.S.C. § 841. On this point, we take no position whatsoever.

7. The government bears the burden of proving, by a preponderance of the evidence, facts relevant to sentencing. *See, e.g., United States v. Desimone*, 119 F.3d 217, 228 (2d Cir.1997).

ment testified that the vials in defendant's possession could hold approximately .20 grams of crack each. As a result, for Williams's offense to fall below the level given to it in the PSR and, subsequently, by the district court, some 95 vials of crack would have to have been intended for the defendant's personal use. This, the government contends, "would defy all bounds of reason."

But without more information about the defendant's drug use habits, or, at the very least, without convincing evidence that a chronic drug user's setting aside of approximately 19 grams of crack cocaine for personal use in fact defies all bounds of reason,[8] we have no basis on which to review the sentence. We are, in other words, incapable of evaluating the district court's finding that "the quantity for which Mr. Williams was being held responsible was quite clearly a quantity which was for distribution and not for personal use."

More particularly, Judge Glasser, in explaining the basis for his rejection of Williams's "personal use" argument, stated that he "specifically instructed the jury on the difference between drugs which are possessed for purposes of personal use and drugs which are possessed for purpose[s] of distribution." The court then noted that "the jury made a finding that the defendant was guilty of § 841(b)(1)(A)," which entails a finding that the defendant's crime involved over 50 grams of cocaine base. But Judge Glasser also charged the jury that "[t]he government does not have to prove that the defendant possessed any specific quantity of cocaine base. It is sufficient if the government has proved that the defendant possessed cocaine with intent to distribute it, regardless of what its quantity was." In light of this instruction, it was error for the district court to rely on the jury verdict as the basis for a finding that Williams intended to distribute more than 50 grams of cocaine base.

Accordingly, while the district court's conclusion that Williams intended to distribute more than 50 grams of cocaine is one of fact, and so is reviewed for clear error only, *see United States v. Moreno*, 181 F.3d 206, 213 (2d Cir.1999), there is nothing in the record that would permit this court to affirm Judge Glasser's conclusion as to the quantity of cocaine that Williams intended to distribute. As a result, the judgment of the district court must be vacated, and the case remanded for further proceedings. In this respect, we note that, though the defendant has "no absolute right to present witnesses or to receive a full-blown evidentiary hearing," *United States v. Prescott*, 920 F.2d 139, 143 (2d Cir.1990), and hence, the district court is not required to hold a hearing with respect to this issue, it would go a long way toward clarifying what quantity of drugs is relevant to Williams's § 841 conviction if the record were supplemented in this way.[9]

VACATED and REMANDED.

---

8. Of course, even if it could be demonstrated that the "average drug user" would not set aside 19 grams of cocaine for personal use, the district court might still be required to conclude that Williams intended fewer than 50 grams of cocaine for distribution if there were also adequate evidence that, for whatever reason, Williams was not the "average drug user," and did in fact set aside such a portion for himself.

9. We note also, in passing, that the district court may wish to wait for this court's deci-

sion in *United States v. Guevara*, no. 00–1133, (argued Nov. 17, 2000), before resentencing the defendant. That case raises the same *Apprendi* question that the defendant in this case presents: whether a criminal defendant may be sentenced above the maximum of the applicable Guidelines range but below the statutory maximum provided in § 841(b)(1)(C) based on a finding of drug quantity that has been made by a judge rather than by a jury. *See supra* note 3.