**UNITED STATES of America,
Appellee,**

v.

**Timothy WILLIAMS, Defendant–
Appellant.**

**Docket No. 01–1341.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2002.

Cheryl J. Sturm, Chadds Ford, PA, for appellant.

Judith Philips, Assistant United States Attorney for the Eastern District of New York; Alan Vinegrad, United States Attorney for the Eastern District of New York; Susan Corkery, Assistant United States Attorney for the Eastern District of New York, on the brief, for appellee.

Present JACOBS, SACK, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED the judgment of the district court be AFFIRMED in part and VACATED and REMANDED in part.

Timothy Williams appeals from the 240–month sentence of imprisonment imposed in the United States District Court for the Eastern District of New York on May 30, 2001, following remand of Williams' earlier, post-habeas resentencing.

Williams was convicted, following a 1993 jury trial, of possession with intent to distribute 50 grams or more of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)); possession of firearms with obliterated serial numbers (in violation of 18 U.S.C. § 922(k)); using and carrying firearms in connection with a drug offense

(in violation of 18 U.S.C. § 924(c)(1)); and possession of firearms by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)). We affirmed his sentence in 1994.

In 1997, Williams filed a petition for habeas corpus in the Eastern District of New York (pursuant to 28 U.S.C. § 2255) arguing, *inter alia,* that his conviction on the § 924(c)(1) count should be vacated in light of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On July 25, 1997, the district court vacated Williams' § 924(c)(1) conviction under *Bailey* and denied all other claims for relief.

Williams was directed to be produced for resentencing, which was delayed due to clerical error until June 27, 2000. At resentencing, Williams argued (*inter alia*) that a portion of the 68.9 grams of cocaine base found in his apartment was for personal consumption, and that the court should subtract that amount in calculating his Guidelines range and in deciding whether he was subject to the statutory minimum sentence (under § 841(b)(1)(A)) of 240-months' imprisonment for possession of more than 50 grams of cocaine base. The district court found that all the cocaine was possessed for distribution, reasoning in part that the jury was "quite specifically instructed ... on the difference between drugs which are possessed for purposes of personal use and drugs which are possessed for the purposes of distribution."

On appeal, Williams (i) challenged that finding and (ii) argued that the sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). With respect to the personal use question, we held that it was clear error for the district court to rely on the jury verdict, because the jury was in fact instructed that "[i]t is sufficient if the government has proved that the defendant possessed cocaine with intent to distribute it, *regardless of what its quantity was.*" *United States v. Williams,* 247 F.3d 353, 359 (2d Cir.2001) (emphasis added). Additionally, we considered the *Apprendi* question, but made no ruling, recommending, instead, that the district court await our decision in *United States v. Guevara,* 277 F.3d 111 (2d Cir.2001)—a "case [that] raises the same *Apprendi* question that the defendant in this case presents...." *Williams,* 247 F.3d at 359–60 n. 9.

On remand, the district court declined to stay its decision for *Guevara* and held, instead, "that Apprendi was not offended." *United States v. Williams,* 146 F.Supp.2d 249, 262 (E.D.N.Y.2001). The district court resentenced Williams to 240 months of imprisonment, and issued a lengthy opinion clarifying alternative bases for its personal use finding. *Id.* at 255–62. Now, appealing that ruling, Williams reasserts both his *Apprendi* claim and his argument that the district court's personal use finding constitutes clear error.

■ As an initial matter, we affirm the court's district court's findings on personal use. The district court provided a number of grounds for finding that Williams possessed the entire 68.9 grams of cocaine base for distribution, citing: (1) Williams' post-arrest statement that he bought and sold the cocaine to buy jewelry and clothes for his wife and children; (2) Williams' statement, reported in the Pre-sentence Report (PSR), that he had not used cocaine or crack in the two years preceding his arrest; (3) the absence of objection by Williams at sentencing to any information in the PSR; (4) the absence of any proffered evidence of personal drug use by Williams; (5) Williams' possession of tools of the drug trade, including a scale, strainers, bullet-proof vest, and weapons; (6) the testimony at trial of an expert, explaining how this equipment is used for processing

and packaging cocaine base for sale; and (7) the amount of drugs possessed. *Id.* at 260.

That evidence, sufficiently supports the finding that all of the drugs were possessed for distribution. *See White v. White Rose Food,* 237 F.3d 174, 178 (2d Cir.2001) (holding that we review a district court's findings of fact for clear error). Therefore, the district court properly considered the full weight in calculating Williams' Guidelines range. Having reached that conclusion, we are now compelled to decide whether, under *Apprendi,* that judge-made finding is also sufficient to support a statutory minimum sentence (under § 841(b)(1)(A)), where that sentence exceeds Williams' Guidelines range.

■ *Apprendi* holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Williams' 240–month statutory *minimum* sentence under § 841(b)(1)(A) matches (but does not exceed) the 240–month statutory *maximum* sentence to which he otherwise would be exposed under § 841(b)(1)(C) (the statute applicable to drug trafficking offenses under § 841(a) involving an indeterminate quantity of drugs). However, Williams' contends that the rule in *Apprendi* was violated because his sentence *does* exceed his otherwise applicable Guidelines range of 188 to 235 months.

Recognizing that the *Guevara* appeal presented the same question, we elected to delay our ruling on Williams' *Apprendi* claim pending the decision in *Guevara.* The *Guevara* opinion was filed recently, and in light of its ruling, we now hold that because the finding of the quantity of drugs Williams possessed for distribution took his sentence outside his Guidelines range, the finding must be made by a jury beyond a reasonable doubt.

In *Guevara,* we reasoned that the Guidelines have "the force and effect of laws"; therefore, *Apprendi*'s protections apply to findings that remove the defendant's sentence from the Guidelines range. *Guevara,* 277 F.3d at 118 (quoting *Apprendi,* 530 U.S. at 523 n. 11, 120 S.Ct. 2348 (Thomas, J., concurring) (internal quotation marks omitted)). The defendant in *Guevara,* like Williams, was sentenced under § 841(b)(1)(A) on the basis of a judge's preponderance finding of drug weight. *Id.* at 116. *Guevara* held that "once the Guideline range is calculated, facts that increase a defendant's sentence above this must be found by a jury." *Id.* at 122. Accordingly, the sentencing in *Guevara* constituted plain error. *Id.* at 123. Following *Guevara,* we vacate Williams' sentence and remand for resentencing within Williams' applicable Guidelines range.

For the reasons set forth above, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.