**UNITED STATES of America,**
Appellee,

v.

**Dean SIMS, Chas Glenn, Anson McPhail, Kenneth Ford \*,**
**Defendants–Appellants.**

Nos. 05–3928–cr(L), 05–5694–cr(con), 05–6661–cr(con), 05–6982–cr(con).

United States Court of Appeals,
Second Circuit.

May 9, 2008.

March 3, 2006.

Michael E. Runowicz, Assistant United States Attorney, U.S. Attorney's Office, New Haven, CT (Kevin J. O'Connor, United States Attorney, on the brief), for Appellee.

Arza Feldman (Steven A. Feldman, of counsel), Feldman and Feldman, Uniondale, NY, for Appellant.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA A. LIVINGSTON, and Hon. JOHN R. GIBSON,** Circuit Judges.

### SUMMARY ORDER

Defendant Dean Sims appeals from a judgment of conviction entered in the District of Connecticut following a guilty plea before Magistrate Judge Holly Fitzsimmons to a single count of conspiracy to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court sentenced Sims to the statutory minimum term of 120 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Sims argues principally that (1) the district court improperly declined to apply safety-valve relief under 18 U.S.C. § 3553(f), (2) the district court erred in failing to ascertain how much of the cocaine base involved in the conspiracy offense was for personal use rather than distribution, and (3) his sentencing counsel was ineffective in failing to argue that the cocaine base involved in the offense was for personal use. We reject these arguments.

■ Sims's safety-valve argument is waived because Sims consistently declined the district court's overtures at the sentencing proceedings to consider making a safety-valve proffer. *See, e.g., United States v. Cuba,* 955 F.2d 182, 187 (2d Cir.

---

** The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1992) (holding defendant's failure to object to the drug quantity assessment in the presentence report at sentencing was a waiver of the issue on appeal). At sentencing, Judge Hall explained that she had previously adjourned sentencing to make certain that Sims had the opportunity to consult with his counsel about making a safety-valve proffer. She then inquired whether Sims wished to pursue safety-valve relief, and Sims and his attorney declined the offer. When Judge Hall asked Sims whether he understood that safety-valve relief presented an opportunity for him to be sentenced below the statutory minimum, he acknowledged that he understood. By forgoing the opportunity to pursue a safety-valve proffer despite the district court's willingness to allow Sims to do so, Sims has waived any claim that he is eligible for safety-valve relief.

■ Sims also argues that the district court committed clear error when it sentenced him to the statutory minimum because it failed to exclude from its calculus drugs which he intended to consume rather than distribute. The quantity of drugs attributable to a defendant must be found by a jury beyond a reasonable doubt or admitted to by the defendant. *United States v. Gonzalez*, 420 F.3d 111, 125 (2d Cir.2005). We review that drug quantity determination for clear error. *See United States v. Hazut*, 140 F.3d 187, 190 (2d Cir.1998). "We review for an abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty." *United States v. Adams,*

448 F.3d 492, 498 (2d Cir.2006). Because Sims's admissions unambiguously establish that he conspired to distribute more than 50 grams of cocaine base, the district court did not err in determining that the drug quantity involved in Sims's crime of conviction exceeded 50 grams. At the change of plea hearing, and while under oath, Sims accepted the government's estimate that the conspiracy involved at least 81 grams of cocaine base, and he admitted that he had distributed more than 50 grams of crack. To ensure further that Sims knew the difference between distributing drugs and using them for personal consumption, the Magistrate Judge asked Sims whether he understood that distinction, and Sims replied that he did. Based on these admissions, the district court was well within its discretion in concluding that Sims's admissions supported his conviction.[1]

Sims further contends that he received ineffective assistance of counsel because his attorney at sentencing failed to argue that some of the cocaine base involved in the conspiracy should have been attributed to personal use rather than distribution. We decline to review this claim without prejudice to the defendant raising it in a future collateral proceeding because the record on appeal is insufficient to adjudicate it, and it would be better addressed in a petition for habeas corpus under 28 U.S.C. § 2255. *See, e.g., United States v. Oladimeji,* 463 F.3d 152, 154 (2d Cir.2006) ("Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the

---

1. Sims relies on *United States v. Williams,* 247 F.3d 353 (2d Cir.2001), for the proposition that drugs intended for personal use must be excluded from the drug quantity calculation under 21 U.S.C. § 841(b)(1)(A). *Williams* is inapposite because it involved possession with intent to distribute drugs under 21 U.S.C. § 841(a) and not a conspiracy under 21

U.S.C. § 846. *See Williams,* 247 F.3d at 358. That case is also distinguishable because, unlike *Williams,* Sims did not object to the drug quantity recited by the sentencing court, and Sims affirmatively acknowledged that he had distributed more than the statutorily required 50–gram quantity mandating a ten-year sentence under 21 U.S.C. § 841(b)(1)(A).

claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255.").

Finally, this case need not be remanded in accordance with our recent decision in *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008). Unlike in *Regalado*, in which we remanded to allow the district court to determine "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate" from the drug quantity table to serve the objectives of 18 U.S.C. § 3553(a), *id.* at 149, the Guideline sentence in this case was determined not by reference to the drug quantity table, but by the statutory minimum set forth in 21 U.S.C. § 841(b)(1)(A). *See* U.S.S.G. § 5G1.1(c); *cf. United States v. Sharpley*, 399 F.3d 123, 126–27 (2d Cir. 2005) (*Booker* error is harmless, and remand unnecessary, when the defendant was sentenced to the statutory mandatory minimum).

For the reasons discussed, the judgment of the district court is AFFIRMED.