SUMMARY ORDER
Defendant-Appellant Leonard Howell appeals from his conviction imposed by the United States District Court for the *17 Northern District of New York (McAvoy, «/.). Following a jury trial, Howell was convicted of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and 846. Howell was acquitted on one count of possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g). We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
Howell argues on appeal that he was prejudiced at trial by the admission of inadmissible hearsay testimony by Agent Joyce, a law enforcement officer. Howell further contends that he received ineffective assistance of counsel because his attorney “proved” his guilt.
Howell did not object below to Agent Joyce’s testimony, and so our review is for plain error. Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). To show plain error, “there must be (1) error, that is (2) plain, and (3) affect[s] substantial rights.” Id. (alteration in original) (internal quotation marks omitted). The Government concedes, and we agree, that Agent Joyce’s testimony contained inadmissible hearsay and that the admission of this evidence constituted error that was manifest. We conclude, however, that admission of this evidence did not affect Howell’s substantial rights because much of the substance contained in Agent Joyce’s disputed testimony was already in the record from admissible sources. Consequently, these admissions, erroneous though they were, do not rise to the level of plain error.
With respect to Howell’s ineffective assistance of counsel claim, we note that this Court has generally been disinclined to entertain such claims on direct review. See United States v. Gaskin, 364 F.3d 438, 467-68 (2d Cir.2004). In this instance, we believe the better course is for Howell to pursue this claim through a collateral attack pursuant to 28 U.S.C. § 2255. We therefore dismiss this claim without prejudice to its being renewed in a timely habeas petition. United States v. Doe, 365 F.3d 150, 152 (2d Cir.2004).
Accordingly, Howell’s appeal is DISMISSED WITHOUT PREJUDICE in part, and the judgment of the District Court is AFFIRMED.