10-2847-pr
Howell v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*,
          RICHARD K. EATON,
                    *Judge.*[*]

------------------------------------------------------------------------
LEONARD B. HOWELL, a.k.a. SONNY,
                    *Petitioner-Appellant*,


        v.                                      No. 10-2847-pr

UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*[**]
------------------------------------------------------------------------


FOR APPELLANT:        B. Alan Seidler, Esq., New York, New York.

---

[*] Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as shown above.

1

FOR APPELLEE:          Thomas P. Walsh, Brenda K. Sannes, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on June 24, 2010, is AFFIRMED.

Petitioner Leonard B. Howell appeals from the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. See United States v. Howell, 325 F. App'x 16, 17 (2d Cir. 2009) (summary order). On October 19, 2010, this court granted Howell a certificate of appealability on his claim that trial counsel was constitutionally ineffective in making statements during opening and closing arguments and in eliciting evidence on direct examination and cross-examination of witnesses that supported a guilty verdict. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Whether legal representation falls short of the minimum required by the Sixth Amendment is a mixed question of law and fact, which we review de novo. See Chang v. United States, 250 F.3d 79, 82 (2d Cir. 2001). To succeed on an ineffective assistance of counsel claim, a petitioner must show: (1) that counsel's performance was objectively deficient, and (2) that he was actually prejudiced as a result. See Strickland v. Washington,

2

466 U.S. 668, 688, 692-93 (1984); Morales v. United States, 635 F.3d 39, 43 (2d Cir. 2011).

An attorney's representation is deficient when it falls "below an objective standard of reasonableness," as determined by reference to "prevailing professional norms." Strickland v. Washington, 466 U.S. at 688; accord Morales v. United States, 635 F.3d at 43. Such performance is prejudicial when it is so poor as to "undermine confidence in the outcome" of the proceedings, that is, when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694 (internal quotation marks omitted); accord Morales v. United States, 635 F.3d at 43.

With regard to the first part of this test, we note that there is a "strong presumption" that counsel's performance falls within the wide range of acceptable professional assistance. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); accord United States v. Caracappa, 614 F.3d 30, 46 (2d Cir.), cert. denied, 131 S. Ct. 675 (2010). In the circumstances of this case, it might be considered sound legal strategy, see Strickland v. Washington, 466 U.S. at 689, for defense counsel to have proceeded on the theory that Howell was a heavy user and purchaser of methamphetamine but not a participant in the charged distribution conspiracy, see Yarborough v. Gentry, 540 U.S. 1, 9 (2003) ("By candidly acknowledging his client's shortcomings, counsel may have built credibility with the jury and persuaded it to focus on [defense theory]."); see also United States v. Parker, 554 F.3d 230, 234 (2d Cir.), cert. denied, 130 S. Ct. 394 (2009) (noting buyer-seller exception to conspiracy); United States

3

v. Hawkins, 547 F.3d 66, 71 (2d Cir. 2008) (requiring proof that defendant knew of and joined in conspiracy charged).

The same conclusion obtains with respect to counsel's use of argument and witness examination to suggest that Howell had merely shared some of the drugs that he purchased for his own use. See United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987) (recognizing decisions pertaining to witness examination to be strategic and generally not indicative of ineffective assistance). At the time of trial, this court had left open the question whether a mere sharing of drugs could qualify as distribution. See United States v. Williams, 247 F.3d 353, 358 n.6 (2d Cir. 2001) ("It may be . . . that drugs held to be shared gratis with family and friends, though not for personal use, are also not for 'distribution,' pursuant to 21 U.S.C. § 841."). Only after Howell's trial did this court decide that "sharing of drugs, without a sale," could constitute distribution for purposes of 21 U.S.C. § 841(a). United States v. Wallace, 532 F.3d 126, 129 (2d Cir. 2008).

A concern arises, however, because Howell's counsel made or elicited other statements that might be construed to admit some conspiratorial involvement with Howell's direct supplier and some distribution of methamphetamine to others as payment for services received. See Trial Tr. at 33, 136. The able district judge, with the benefit of insights gained from presiding at trial, did not think these actions were objectively unreasonable when considered in context. See generally Kimmelman v. Morrison, 477 U.S. at 386 (observing general propriety of assessing challenged action in context of counsel's overall performance).

4

We need not ourselves decide the question because, even if we were to answer it more favorably to Howell, we would conclude that his habeas claim fails at the prejudice prong of the Strickland analysis.

The government offered direct evidence that Howell not only purchased pound quantities of methamphetamine as often as twice a month, but also that Howell personally sold methamphetamine. Indeed, one witness, the son of Howell's direct supplier, testified that he knew Howell to be a methamphetamine dealer and that he had observed Howell make more than a hundred methamphetamine sales over a three- to four-year period. Further, the government introduced into evidence a ledger seized from Howell's home listing his methamphetamine customers and the money that they owed him. It was in this context that the jury heard Howell's self-described "right-hand man," Trial Tr. at 114, testify to helping Howell wrap and bury bundles of drug money. The jury also listened to intercepted telephone conversations in which Howell and his direct supplier discussed prices being charged by the Arizona-based methamphetamine importer alleged to have been the head of the conspiracy. In light of this independent evidence that Howell was an active participant in a scheme to distribute drugs — not simply by sharing them with friends or even in exchange for services, but by selling them for cash payment — there is no realistic probability that the result of the trial would have been different absent the isolated argument and witness examination errors now charged to Howell's counsel. See Strickland v. Washington, 466 U.S. at 694; accord United States v. Caracappa, 614 F.3d at 49-50.

We have considered Howell's remaining arguments on appeal and conclude that they are without merit.  For the foregoing reasons, the district court's order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court