11-4667-cr
United States v. Lighten

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
Circuit Judges,
JOHN F. KEENAN,
District Judge.*

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
Appellee,

-v.- 11-4667-cr

MONTU LIGHTEN,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE: Stephan J. Baczynski, Joel Violanti, Assistant United States Attorneys, for William J. Hochul, Jr., United States Attorney for

---

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:    Patrick J. Brown, LoTempio & Brown, P.C., Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART.**

Defendant-appellant Montu Lighten appeals the district court's judgment entered November 1, 2011 following a jury verdict convicting him of (1) possession with intent to distribute at least five grams but less than twenty-eight grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (2008) ("Count One"); and (2) possession of at least five grams but less than twenty-eight grams of cocaine base, in violation of 21 U.S.C. § 844(a) ("Count Two"). On October 20, 2011, the district court sentenced Lighten to concurrent terms of 118 months' imprisonment on each count, to be followed by two months' imprisonment for committing the offense while released on bail in another case. See 18 U.S.C. § 3147.

On appeal, Lighten argues that: (1) the Government failed to comply with its disclosure obligations; (2) the

- 2 -

Government knowingly offered false testimony at trial; and (3) his sentence must be vacated and remanded for a jury to determine the quantity of cocaine base attributable to each count of conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

1.  Alleged Discovery Violations

First, Lighten challenges the introduction at trial of evidence of his in camera testimony before a state court judge (in connection with a warrant application) that the drugs seized from his home on July 9, 2009 belonged to him and that he purchased them from Jamal Woods. Lighten alleges that he did not know the Government would rely on this testimony until twelve days before trial began, and that this delay violated the Government's discovery obligations pursuant to the district court's discovery order and Federal Rule of Criminal Procedure 16(a)(1)(A).

Ordinarily, we review a district court's evidentiary rulings for abuse of discretion. United States v. Cadet, 664 F.3d 27, 32 (2d Cir. 2011). Where, as here, a defendant failed to raise a discovery dispute with the district court, we review only for plain error. See United States v. Maniktala, 934 F.2d 25, 27-28 (2d Cir. 1991); see also Fed. R. Crim. P. 52(b).

Upon review of the record, we conclude that Lighten's discovery claim is baseless. Contrary to Lighten's allegations, his in camera statements to the state court judge were clearly referenced during a suppression hearing held nine months before trial. During the hearing, the Government agreed to provide defense counsel with a transcript of Lighten's in camera testimony, and counsel reserved the right to reopen the suppression hearing should the transcript reveal any information relevant to suppression. Counsel has not indicated that the Government failed to provide the transcript. Further, even if the Government delayed in providing notice of the statements, Lighten has not shown that his substantial rights were affected, as the Government notified him twelve days before trial of its intent to rely on his admissions. Accordingly, we discern no plain error here.

## 2. Introduction of Allegedly False Testimony

Next, Lighten alleges that the Government's case against him was based on the false trial testimony of two witnesses. Specifically, Lighten contends that Agent Bongiovanni's trial testimony conflicted with his earlier suppression hearing testimony regarding when and where Lighten admitted that the seized drugs belonged to him. Lighten also argues that Agent Palmieri's trial testimony conflicted with his

earlier grand jury testimony concerning whether Lighten stated that the drugs in the babysitter's bra belonged to him.

Reversal of a conviction based upon allegations of "perjured testimony should be granted only with great caution and in the most extraordinary circumstances." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). Reversal is not warranted unless the appellant demonstrates that: "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the alleged perjury at time of trial; and (iv) the perjured testimony remained undisclosed during trial." United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000) (alteration, internal citations, and quotation marks omitted); see also United States v. Moore, 54 F.3d 92, 99 (2d Cir. 1995).

Lighten has not shown that Agents Bongiovanni or Palmieri committed perjury. Although the challenged statements may differ from the agents' prior testimony, they are not necessarily inconsistent when read in context. Moreover, even assuming the testimony was internally inconsistent, Lighten has not shown that it was perjurious or that the prosecutors knew it was perjurious. See United States v. Gambino, 59 F.3d 353, 365 (2d Cir. 1995) ("[E]ven a direct conflict in testimony does not in itself constitute perjury."); Smithwick v. Walker, 758 F.

Supp. 178, 186 (S.D.N.Y. 1991) ("A prior inconsistent statement does not rise to the level of perjury."). Accordingly, Lighten's perjury claim fails.

3. Request for a New Trial

Finally, Lighten contends that his convictions must be vacated and the case remanded for a new trial in light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (effective Aug. 3, 2010) (the "FSA"). He makes two arguments in this respect. First, Lighten notes that under the FSA, the crime of simple possession in violation of 21 U.S.C. § 844(a) is a misdemeanor with a statutory maximum sentence of one year, and he argues that his 118-month sentence on Count Two exceeds the now-applicable statutory maximum. Second, he argues that he is entitled to a new trial to determine the quantity of cocaine base that he possessed with intent to distribute, because the district court's finding that he possessed with intent to distribute 19.6 grams of cocaine base was at odds with the jury's verdict finding that he simply possessed at least 5 grams but less than 28 grams of cocaine base.

As to Lighten's first argument, we agree that Lighten's 118-month sentence for simple possession exceeds the statutory maximum sentence in light of the FSA, which applies retroactively to Lighten because he was sentenced after the

FSA's August 3, 2010 effective date. See Dorsey v. United States, 132 S. Ct. 2321, 2336 (2012) (FSA applies to defendants sentenced after FSA's August 3, 2010 effective date). No remand is necessary, however, as the Government agrees that Lighten's conviction for simple possession must be vacated. "[S]imple possession, in violation of 21 U.S.C. § 844, is a lesser included offense of possession with intent to distribute," in violation of 21 U.S.C. § 841(a), United States v. Gore, 154 F.3d 34, 46 (2d Cir. 1998); accord United States v. Garcia-Duarte, 718 F.2d 42, 47 (2d Cir. 1983), and here, as discussed below, the same factual transaction was the basis for both Counts One and Two. Thus, the judgment of conviction for the lesser included offense of simple possession must be vacated. See United States v. White, 240 F.3d 127, 133 (2d Cir. 2001).

As to Lighten's second argument -- that a jury must determine the quantity of cocaine base he possessed with intent to distribute -- we affirm the district court's judgment. Because Lighten did not raise this challenge before the district court, our review is for plain error. See Gore, 154 F.3d at 41.

A district court may make factual findings at sentencing about the drug quantity involved in the offense as long as those findings do not raise the sentence above the otherwise applicable statutory maximum. See United States v.

Florez, 447 F.3d 145, 156 (2d Cir. 2006) (holding that district court is not bound by jury's drug quantity finding at sentencing); United States v. Thomas, 274 F.3d 655, 663 (2d Cir. 2001) (en banc) ("[I]t is error for a court to 'enhance' a defendant's sentence above a statutory maximum based on drug quantity if the Government has not charged drug quantity in the indictment and proved it to a jury beyond a reasonable doubt."); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Here, the district court was permitted to determine the quantity of cocaine base involved in Count One because the difference between 5 grams and 19.6 grams did not raise Lighten's sentence above the otherwise applicable statutory maximum, as determined by the jury.[1] See Thomas, 274 F.3d at 663; Apprendi, 530 U.S. at 490. Although the FSA raised from

---

[1] Lighten argues that if the jury were to find that he possessed with intent to distribute only five grams of cocaine base, then the sentence on Count One could not exceed sixty months' imprisonment. We see no basis for this assertion. Rather, under the FSA, the statutory maximum sentence for possession with intent to distribute any amount of cocaine base less than twenty-eight grams is twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(C) (2010).

five grams to twenty-eight grams the threshold amount of cocaine base triggering a statutory sentencing range of five to forty years under 21 U.S.C. § 841(b)(1)(B)(iii), Lighten's sentence of 118 months on Count One is well below the twenty-year maximum sentence now applicable to quantities of cocaine base less than twenty-eight grams.  See 21 U.S.C. § 841(b)(1)(C) (2010); United States v. Gonzalez, 686 F.3d 122, 130 (2d Cir. 2012) ("If a defendant is convicted only on a lesser unqualified drug charge, he must be sentenced pursuant to § 841(b)(1)(C) . . . ." (internal quotation marks omitted)).

Further, the district court properly found, based on facts set forth in the Presentence Investigation Report ("PSR"), that the entire 19.6 grams seized from Lighten's residence on July 9, 2009 was involved in his offense of possession with intent to distribute under 21 U.S.C. § 841(a)(1).  No evidence was presented at trial to suggest that there were two separate quantities of drugs involved in Lighten's offense.  The jury did not find that any part of the cocaine base was for Lighten's personal use.  Cf. United States v. Williams, 247 F.3d 353, 358 (2d Cir. 2001) ("[W]e hold that, in calculating the quantity of drugs relevant for purposes of sentencing under 21 U.S.C. § 841, any fractional quantity of drugs intended for personal use must be excluded.").  Rather, the jury's finding on Count Two that

Lighten possessed at least five grams but less than twenty-eight grams of cocaine base was entirely consistent with the court's finding that he possessed the entire 19.6 grams with intent to distribute it.  See Gore, 154 F.3d at 46.  Further, the PSR referred to a single quantity of cocaine base secreted in the couch in Lighten's residence.  At sentencing, the district court confirmed that neither party objected to the PSR and adopted the facts in the PSR as its findings of fact.  We see no plain error in the district court's factual finding that Lighten possessed with intent to distribute 19.6 grams of cocaine base.  See United States v. Ware, 577 F.3d 442, 452 (2d Cir. 2009) (holding that district court may satisfy factfinding obligations by adopting factual statements in PSR, so long as PSR states enough facts to permit meaningful appellate review).

Moreover, there is no reason to remand for resentencing on Count One merely because Lighten's conviction on Count Two is being vacated.  The inclusion of Count Two did not affect the original Guidelines calculations or lead the district court to impose a greater sentence.  See United States v. Rosenthal, 454 F.2d 1252, 1255-56 (2d Cir. 1972).  The PSR calculated Lighten's base offense level as 22, based on the 19.6 grams of cocaine base seized from his residence on July 9, 2009.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(9) (at least

- 10 -

16.8 grams but less than 22.4 grams of cocaine base results in base offense level of 22).  Based on Lighten's Criminal History Category of VI, the court calculated the applicable Guidelines range as 110 to 137 months' imprisonment and sentenced him to, inter alia, 118 months' imprisonment on Count One.  We see no plain error here.

Finally, although the FSA raised the relevant threshold amounts for cocaine base needed to trigger certain mandatory minimums, such that the 19.6 grams of cocaine base that Lighten possessed with intent to distribute would not now trigger a five-year mandatory minimum sentence, compare 21 U.S.C. § 841(b)(1)(B)(iii) (2008) (providing a five gram threshold for triggering a five-year mandatory minimum sentence), with 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (providing a twenty-eight gram threshold for the same five-year mandatory minimum sentence), we need not remand for resentencing on Count One on this basis, for the district court made clear that the sentence imposed was based on the Guidelines range, not the mandatory minimum.

We have considered Lighten's remaining arguments and conclude that they lack merit.  Accordingly, we **VACATE** Lighten's conviction on Count Two and **AFFIRM** the judgment of the district court in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk